FERRIS *v.* BOARD OF EDUCATION OF DETROIT.

122   315
d139 ¹494
|122   315|
|142   ¹ 56|
122  ⁻315¹
e146  ¹215

1. BOARD OF EDUCATION — FALL OF SNOW FROM SCHOOL BUILD-ING—TRESPASS—PERSONAL INJURY—PROXIMATE CAUSE.

Where a board of education erects a school building in such manner that ice and snow must inevitably slide from the roof onto plaintiff's premises, there being no sufficient barrier to prevent, and fails, after notice, to remedy the defect, it may be held liable to him for injuries sustained in falling upon ice so precipitated, the trespass being the proximate cause of the injury.

2. SAME—NOTICE OF CLAIM—STATUTES.

The city of Detroit being established by Act No. 233, Laws of 1869, for educational purposes, as a single school district under the control of a board of education, and such school district being an entity distinct from the municipality, except as brought into certain relations with it under special acts, the provision of the general charter (Act No. 463, Local Acts 1895, § 46) requiring notice of claims against the city, or any of its boards or commissions, for negligent injuries, to be given to the city counselor within three months from the time the injury occurs, has no application where injury is caused by the negligence of the board of education.

3. NEGLIGENCE—ELECTION OF COUNTS.

A count alleging failure to erect sufficient barriers to prevent the sliding of snow and ice from a roof, and one alleging failure to keep such barriers in repair, are not so inconsistent as to require an election.

Error to Wayne; Frazer, J. Submitted October 27, 1899. Decided December 12, 1899.

Case by William Ferris against the board of education of the city of Detroit for personal injuries. From a judgment for defendant on verdict directed by the court, plaintiff brings error. Reversed.

*Henry B. Graves* and *George H. Carlisle*, for appellant.

*Arthur Webster* (*Charles Flowers*, of counsel), for appellee.

LONG, J. Plaintiff for a number of years has owned and occupied, with his family, a house and lot on Lysander street, in Detroit. His house stands within three feet of the east line of his lot, and a sidewalk extends along that side, filling the space between his house and the lot line. In 1896 the defendant erected what is called the "Poe School Building" on its lot on the east of plaintiff's lot. This building stands within six feet six inches of the lot line next adjoining plaintiff's lot. Its cornice projects four feet from the wall, bringing the edge of the cornice within two feet six inches of the plaintiff's lot. The school building is much higher that the plaintiff's house, and has a large amount of slate roof sloping towards plaintiff's lot. This roof, prior to the accident, had no projections or guards above the edge of the roof to interrupt the falling of snow and ice. During the winter months large quantities of snow and ice, when melting, slid down from this roof onto plaintiff's house and lot, and upon the sidewalk and steps which lead into the back part of plaintiff's house, and on one occasion his roof was in-

jured by this falling ice and snow. Prior to the accident he notified different members of the school board of the injury to his premises by the snow and ice, and his wife also notified the secretary of the school board of the fact. Nothing was done about the matter, however. On February 22, 1898, snow fell during the day, but stopped in the afternoon, and plaintiff's wife cleaned it off this walk and back steps. Subsequently, and before the accident, large quantities of snow and ice slid from the roof of the school building down upon these steps. Plaintiff, who is a fireman in the employ of the city, came home to his supper in the evening, when his wife informed him of the falling of the snow and ice. He stepped out through the back door, and upon this snow and ice, and claims that by reason of that he fell heavily, breaking a rib and otherwise injuring himself. This action is brought against the board of education to recover damages for such injuries.

The first count of the declaration charges the defendant with so constructing the building that the accumulations of rain, snow, and ice in the winter time would inevitably be precipitated upon plaintiff's premises; that the defendant failed to keep the roof clear from such accumulations; and that the defendant failed to provide sufficient gutters, eaves-troughs, screens, and combings, which would have prevented such precipitations. The second count charges the construction of the school building with gutters, eaves-troughs, screens, and combings, which were permitted to become and remain out of repair, and the falling of the snow and ice because of the lack of repair. Before any evidence was introduced, on motion of defendant's counsel, plaintiff was compelled to elect which count to proceed under. Plaintiff took an exception to the order, and elected to proceed under the first count. All evidence under the second count was rejected. The trial court held that the two counts were inconsistent. There was but little, if any, controversy over the facts as above set forth. The court below directed the verdict in favor of the defendant.

Apparently this direction of the verdict for defendant was based upon the fact that no written notice was given to the corporation counsel, or to his chief assistant, as provided by section 46, Act No. 463, Local Acts 1895; and also for the reason that the plaintiff had no right of action against the defendant, as it could not be held liable for the manner of the construction of the building. It is contended by counsel for plaintiff that the court was in error (1) in holding that no sufficient notice was given, and also in holding that notice was required; (2) in compelling the plaintiff to elect under which count he would proceed; (3) in directing the verdict for the defendant.

The trial court was of the opinion that the defendant, being a municipal corporation, could not be held liable for negligent injuries under the common law, and, there being no liability created by statute, the plaintiff could not recover. It is conceded by counsel for plaintiff that municipal corporations are not generally held liable, under the common law, for negligent injuries to individuals arising from defective plans of construction of public works or failure to keep the same in repair; but it is contended that, where the injury is the result of the direct act or trespass of the municipality, it is liable, no matter whether acting in a public or private capacity. We are satisfied that counsel for plaintiff are right in this contention. The plaintiff had the right to the exclusive use and enjoyment of his property, and the defendant had no more right to erect a building in such a manner that the ice and snow would inevitably slide from the roof, and be precipitated upon the plaintiff's premises, than it would have to accumulate water upon its own premises, and then permit it to flow in a body upon his premises. It has been many times held in this court that a city has no more right to invade, or cause the invasion of, private property, than an individual. In *Rice v. City of Flint*, 67 Mich. 401, it was said:

"For a direct act which causes water to flow upon the premises of another, to his injury, a municipality is respon-

sible. A city has no more right to invade, or cause the invasion of, private property, than an individual,"—citing 2 Dill. Mun. Corp. §§ 1042, 1043; *Byrnes* v. *City of Cohoes*, 67 N. Y. 204; *Noonan* v. *City of Albany*, 79 N. Y. 470 (21 Alb. Law J. 174, 35 Am. Rep. 540); *Inman* v. *Tripp*, 11 R. I. 520 (23 Am. Rep. 520); *Ross* v. *City of Clinton*, 46 Iowa, 606 (26 Am. Rep. 169); *Ashley* v. *City of Port Huron*, 35 Mich. 296 (24 Am. Rep. 552); *Pennoyer* v. *City of Saginaw*, 8 Mich. 534.

If this action had been commenced for damages to the plaintiff's freehold, had any resulted, there could arise no doubt of his right to recover. The declaration alleges the damages to have, accrued to the plaintiff by his slipping upon the ice which fell from the roof of the defendant's building upon plaintiff's premises, and that the defendant had had notice of the fact that snow and ice had from time to time been so precipitated upon the premises, and defendant had neglected, and continued to neglect, to take the steps necessary to prevent the same. The declaration, therefore, counts upon an actionable wrong. The cause of action is not a neglect in the performance of a corporate duty rendering a public work unfit for the purposes for which it was intended, but the doing of a wrongful act, causing a direct injury to the person of the plaintiff, while outside the limits of the defendant's premises. We think it must be said that the erection of the building without these barriers was the proximate cause of the injury. An injury has happened by the defendant's wrongful act, and it cannot be set up as a defense that there was a more immediate cause of injury. To entitle a party to exemption, he must show, not only that such injury might have happened, but that it must have happened, if the act complained of had not been done. *Davis* v. *Garrett*, 6 Bing. 716. Judge Cooley, in his work on Torts, at page 71, gives some illustrations from cases cited by him. He says:

" We may pause here to give some illustrations of this proposition, beginning with the leading case of *Scott* v. *Shepherd*, 3 Wils. 403, 2 W. Bl. 892, where the facts were that the defendant threw a lighted squib into a crowd of

people, one after another of whom, in self-protection, threw it from him, until it exploded near the plaintiff's eye, and blinded him. Here was but a single wrong, the original act of throwing the dangerous missile; and, though the plaintiff would not have been harmed by it but for the subsequent acts of others throwing it in his direction, yet, as these were instinctive and innocent, it is the same as if a cracker had been flung, which had bounded and rebounded again and again before it struck out the plaintiff's eye, and the injury is therefore a natural and proximate result of the original act. It is an injury that should have been foreseen by ordinary forecast, and, the circumstances conjoined with it to produce the injury being perfectly natural, these circumstances should have been anticipated."

In the present case it appeared that snow and ice must inevitably slide from this slate roof, as there were no barriers to prevent it. The school board had notice of it. It should have anticipated that the plaintiff or his family might receive an injury by the falling of the snow and ice, or that, by attempting to travel or go over it, they might be injured in that way. The defendant cannot now say that the injury *must* have happened the plaintiff if the snow and ice had not been thrown upon these premises.

But it is contended by the defendant, and so held by the court below, that the plaintiff cannot maintain this action, because he has not complied with the provisions of Act No. 463, Local Acts 1895, § 46, which provides:

"No action shall be brought against said city, nor any of its boards, commissions, or officers, for any negligent injury, unless it be commenced within one year from the time when the injury was received, nor unless notice shall be given in writing, within three months from the time of such injury, to the head of the law department, or to his chief assistant, of the time, place, and cause of such injury, and of the nature thereof."

Plaintiff's counsel contend (1) that a sufficient notice was given; (2) that this statute has no reference to the board of education of Detroit.

We need not discuss the question of whether there was a proper notice, as we are satisfied that this statute has no reference to the defendant here.

By Act No. 233, Laws of 1869, free schools were established in the city of Detroit. The whole city was by the act established one school district. The act provided for a board of education, and clothed said board with certain powers, among which was the right to purchase lands for school purposes, erect school buildings, and appropriate moneys therefor. The recorder's court was given jurisdiction of all suits which the board might be a party to, and of all prosecutions for the violation of the ordinances and by-laws of the board. This act is no part of the city charter. While the act has been several times amended, the school district remains a distinct entity, and has no connection with the city government as such, except as the act provides, by the amendment of 1891, that the common council of the city shall cause to be levied a sum not exceeding in any one year five mills on the dollar of all the property of the city, and the moneys thus raised to be paid to the treasurer of the board of education. Act No. 397, Local Acts 1891. By the amendment of 1893, it is provided that the board of education shall transmit to the common council of the city an estimate of the amount of money it may deem necessary for the purchase of lots, etc. Act No. 394, Local Acts 1893. By Act No. 233 of the Laws of 1869, the mayor of the city was made *ex officio* member of the board, but given no vote therein; and in 1893 an amendment to the act provided that "every resolution or proceeding of the said board of education whereby any liability or debt may be created, or originating the disposal or expenditure of property or money, shall, before it takes effect, be presented by the secretary of said board to the mayor of said city of Detroit. If the mayor approve thereof, he shall thereon write his approval; * * * and such as he shall not so approve and sign he shall return to the board, with his objections thereto," etc. Act No. 394, Local Acts 1893, § 26. The same section,

however, provides that the board of education may, by a two-thirds vote of its members, pass the same over the mayor's veto. It is evident, from these provisions of the statute, that the school-district board is not one of the boards mentioned in the act referred to, and no notice to the corporation counsel was required before action could be commenced. In *Pingree* v. *Detroit Board of Education*, 99 Mich. 404, the provision of the statute making the mayor of Detroit *ex officio* member of the board, and his right to veto certain measures of the board, were under discussion. It was not then intimated that the school district was not a separate entity from the city, but the question was whether the legislature might provide in a school district for such an officer with such powers, and it was held that the legislature had power to do so.

It is further contended that the court was in error in requiring counsel for plaintiff to elect which of the two counts of his declaration he would proceed under. We have stated that the substance of the two counts was— *First*, a failure to erect sufficient barriers to prevent the snow and ice from sliding from the roof; and, *second*, a failure to keep such barriers in repair. There is no such variance between these two counts as warranted the court in ruling that an election must be made.

The judgment below must be reversed, and a new trial awarded.

The other Justices concurred.