ROYSTON v. CITY OF CHARLOTTE.

1. MUNICIPAL CORPORATIONS—PARKS—GOVERNMENTAL FUNCTIONS.
   Power to establish and maintain parks as granted by State Constitution and city charter is permissive but is a governmental function and a municipality is not liable for injuries received by negligence of its employees or agents in the maintenance thereof (Const. 1908, art. 8, § 22).

2. NEGLIGENCE—ATTRACTIVE NUISANCE—DEFECTIVE PARK SWING—DEATH.
   Park swing, knowingly maintained in a faulty and dangerous condition by the city *held*, not to constitute an attractive nuisance and render city liable for death of child, fatally injured while using it.

3. SAME—THEORY OF ATTRACTIVE NUISANCE.

The theory of attractive nuisance is that the device or thing claimed to be such is, by its character or nature, calculated and likely to attract children on the premises where they may suffer injury and because of the attractive character of the instrumentality, the trespass is excused.

4. MUNICIPAL CORPORATIONS—PUBLIC NUISANCE—PARK SWING—GOVERNMENTAL FUNCTION.

Park swing, knowingly maintained in a faulty and dangerous condition by city *held*, not a public nuisance rendering city liable for negligent performance of a governmental function.

5. SAME—DEFECTIVE PARK SWING—NEGLIGENCE—OFFICERS AND EMPLOYEES—PERMISSIVE GOVERNMENTAL FUNCTIONS.

A city can act only through its officers or employees and their negligence in inspecting park swing, erected under a permissive governmental power, and not discovering its defective condition was but negligence in its maintenance and no basis for allowing recovery for fatal injuries to child using it.

6. SAME—NUISANCE PER SE—GOVERNMENTAL FUNCTIONS.

Acts of a city in the discharge of governmental functions which create a nuisance *per se* do not come within immunity otherwise accorded.

7. SAME—PARK SWING—NEGLIGENCE—PUBLIC NUISANCE.

City's want of care in maintenance of a park swing presents question of negligence only, for which city is not liable, not that of a public nuisance, which must rest on inherent danger even under the best of care.

8. SAME—GOVERNMENTAL FUNCTIONS—NEGLIGENCE—LIABILITY.

The governmental immunity of a city from liability for negligence of its officers and employees may not be abrogated by merely reclassifying a nuisance arising as the result of such negligence to one of liability under another designation.

Appeal from Eaton; Hatch (Blaine W.), J., presiding. Submitted October 15, 1936. (Docket No. 124, Calendar No. 38,313.) Decided December 9, 1936.

Case by Howard Royston, administrator of the estate of C. H. Royston, deceased, against City of

Charlotte, a municipal corporation, for damages for personal injuries sustained when a swing broke in a city park causing death of plaintiff's decedent. Verdict and judgment for plaintiff. Defendant appeals. Reversed without a new trial.

*G. E. McArthur,* for plaintiff.

*C. B. Fisk Bangs,* for defendant.

WIEST, J. The city of Charlotte, in its public park, among playground equipment for children, provided a swing, constructed with timber posts set in concrete, notched at the tops to hold an iron crossbar about four inches in diameter and 16 feet in length, to which were attached, by chains, four swings. While plaintiff's decedent, a boy 11 years and 9 months of age, was using one of the swings a post broke off, the iron crossbar fell and fractured the boy's skull and he died two days later. This case was brought to recover damages and defendant prosecutes review by appeal from a judgment in favor of plaintiff.

The swing was erected 14 years before the accident and the cause of the broken post was deterioration at its footing in the concrete which a proper inspection might have disclosed.

In denying a motion for judgment notwithstanding the verdict the circuit judge stated in an opinion:

"While it is true the power to establish and maintain parks as granted by the Constitution of the State,* and the power or authority granted by the city charter of Charlotte are merely permissive, nevertheless it is a governmental function in this State and the municipality is not liable for injuries received by negligence of its employees or agents in the maintenance thereof."

_____

* See Const. 1908, art. 8, § 22.—REPORTER.

This states the rule in this jurisdiction. *Heino* v. *City of Grand Rapids*, 202 Mich. 363 (L. R. A. 1918 F, 528). See, also, *Brink* v. *City of Grand Rapids*, 144 Mich. 472; *Wrighton* v. *City of Highland Park*, 236 Mich. 279; *Butler* v. *City of Grand Rapids*, 273 Mich. 674.

This is also the rule in many other jurisdictions. See *Epstein* v. *City of New Haven*, 104 Conn. 283 (132 Atl. 467), where a boy was killed by the breaking of a support of a swing on which he was playing in a public park, and *Piasecny* v. *Manchester*, 82 N. H. 458 (136 Atl. 357), where a child fell from a defective seesaw, maintained by the city in a public playground.

The circuit judge also stated:

"Did the fact that the swing in question was knowingly maintained in a faulty and dangerous condition by the defendant city, constitute an attractive nuisance and render the city of Charlotte liable by reason thereof?

"I am of the opinion it did not."

The court was right in so holding.

In *Smith* v. *City of Iowa City*, 213 Iowa, 391 (239 N. W. 29), the doctrine of attractive nuisance was invoked by the plaintiff therein and held wholly inapplicable. In that case the city established in a public park a combined teeter-totter and merry-go-round. A little girl was severely injured while playing thereon.

We quote from the opinion:

"The second count of the petition is based upon the so-called attractive nuisance doctrine. We dispose of this count first for convenience in discussion. It is alleged that the teeter-totter and merry-go-round had been permitted to get out of repair for

a long period of time and to be, and remain, in a condition dangerous to children who sought to avail themselves of the privilege of using the device. The purpose of the establishment and maintenance of the park and of the particular, and perhaps other, devices therein was for the use and pleasure of children. Such was the only purpose for which the device complained of was installed. It was in its nature and purpose designed to be attractive to children. It, therefore, very clearly does not come within the definition of an attractive nuisance. *Solomon v. Red River Lumber Co.*, 56 Cal. App. 742 (206 Pac. 498). Trespass is the basic requirement of an attractive nuisance. The very theory of an attractive nuisance is that the device or thing claimed to be such is, by its character or nature, calculated and likely to attract children on the premises, where they may suffer injury. Because of the attractive character of the instrumentality, the trespass is excused. * * * This court has always been reluctant to extend the doctrine of attractive nuisance. The park was designed as a recreation and playground, and, as such, intended to be attractive to the public. There is no theory suggested upon which the doctrine can be applicable to the facts of this case. *Hensley* v. *Incorporated Town of Gowrie,* 203 Iowa, 388 (212 N. W. 714).''

The circuit judge also stated:

''Did the fact that the swing in question was knowingly maintained in a faulty and dangerous condition by the defendant city constitute a public nuisance, and render the city of Charlotte liable by reason thereof, even though it was constructed and maintained by the city while in the exercise of a governmental function?

''I am of the opinion that it did constitute a public nuisance and render the city liable even though in the performance of a governmental function.''

Upon that holding recovery was permitted.. In so holding the circuit judge was in error.

If a municipality performed a governmental function in erecting the swing and "is not liable for injuries received by negligence of its employees and agents in the maintenance thereof," it is inconsistent to hold that recovery may be had on the ground that such negligence of the employees or agents of the municipality in the maintenance of the swing constituted the swing a public nuisance. A city can act only through its officers or employees and if there was negligence in making inspection of the condition of the swing and not discovering the defective condition then there was but negligence in the maintenance and no liability.

Acts in the discharge of governmental functions which create a nuisance *per se* do not come within the immunity otherwise accorded. Want of care in maintenance, however, presents the question of negligence only, and not that of a public nuisance, which must rest on inherent danger even under the best of care.

Counsel for plaintiff cites *Vanderford* v. *City of Houston* (Tex. Civ. App.), 286 S. W. 568, to the effect that the rule of municipal exemption "should not apply where the negligence causing the injury is the affirmative negligence of the municipality, acting through its corporate officers, in creating a public nuisance or any essentially dangerous condition, or knowingly permitting such nuisance or condition to exist in a public park or other place where it is likely to cause injury. In such case it should not be held that the city, in creating or knowingly permitting the nuisance or dangerous condition to exist, was exercising a governmental function."

Application of such rule would abrogate the established doctrine of governmental immunity by merely classifying as a nuisance the result of the negligence of the municipal agents and employees in the maintenance of a governmental instrumentality, and for which the city is not liable, to one of liability under another designation; or, in other words, immunizing the negligence but not the result. The holding in the Texas case is ingenious but not convincing.

As said in a note in reference to that case in 75 A. L. R. p. 1202:

"The objection to this manner of reasoning is that the same observations are applicable to any negligent or unlawful acts of a municipality, whether they give rise to a nuisance or not. It is certainly not 'lawful' for a municipality to inflict injuries upon a person by its negligence, although that person's remedy may be imperfect. And if it is permissible to say that acts, for the sole and efficient reason that they give rise to a nuisance, are, therefore, not in the discharge of governmental functions, it would seem to be but a corollary that acts cannot be an exercise of governmental functions where they amount to negligence and inflict an unlawful injury upon anyone. And thus the entire rule of governmental immunity would be destroyed."

Plaintiff made no case and the judgment is reversed without a new trial, and with costs to defendant.

NORTH, C. J., and FEAD, BUTZEL, BUSHNELL, SHARPE and TOY, JJ., concurred. POTTER, J., did not sit.