McDONELL *v.* BROZO.

1. SCHOOLS AND SCHOOL DISTRICTS—NEGLIGENCE OF EMPLOYEES AND OFFICERS.

   In the absence of a statute a school district while engaged in a governmental function is not liable for the negligence of its employees and officers.

2. SAME—NEGLIGENCE—IMMUNITY FROM LIABILITY.

   Immunity of a school district from liability arising from the negligence of its officers and employees while engaged in a governmental function is not confined to accidents occurring on the property of the school district.

3. SAME—INDIVIDUAL LIABILITY OF OFFICERS—PROXIMATE CAUSE—NEGLIGENCE OF PUPIL.

   In action against school district and certain of its officers by married woman and her husband for damages for injuries she sustained when a 14-year old pupil, engaged in school-supervised athletic activities on public sidewalk, ran into her, reckless negligence of such pupil, not negligence of officers, was proximate cause of injuries, hence officers were not liable therefor; notwithstanding ordinance prohibiting games in any street, alley or other public space (Detroit City Ordinances, 1926, chap. 32, § 11, p. 67).

4. NUISANCE—DEFINITION.

   A nuisance involves, not only a defect, but threatening and impending danger to the public, or, if a private nuisance, to the property rights or health of persons sustaining peculiar relations to the same.

5. SCHOOLS AND SCHOOL DISTRICTS—RACING ON PUBLIC SIDEWALKS—NUISANCES—INJURY TO PEDESTRIANS.

   Permitting schoolboys to run races on public sidewalk incident to physical aspect of educational program of school *held*, not a nuisance for which liability could be imposed upon school district or its officers for injuries sustained when 14-year old pupil, participating in a race, ran into pedestrian and knocked her down. (Detroit City Ordinances, 1926, chap. 140, § 1, p. 548).

Appeal from Wayne; Marschner (Adolph F.), J. Submitted April 8, 1938. (Docket No. 60, Calendar No. 39,853.) Decided June 6, 1938.

Separate actions of case by Daniel J. McDonell and Mabel McDonell against John F. Brozo and others for damages for loss of services and medical expenses incurred and because of injuries to latter when she was run into by a pupil of Neinas Intermediate School. Cases consolidated for trial and appeal. Judgments for defendants. Plaintiffs appeal. Affirmed.

*Eugene P. Berry* and *Donald F. Welday,* for plaintiffs.

*Clarence E. Page* and *Stephen J. Carey,* for defendants.

NORTH, J. These consolidated actions were brought by Mabel McDonell to recover for injuries suffered and by her husband Daniel J. McDonell to recover for the loss of services of his wife and for expenses incurred. On October 11, 1934, Mrs. McDonell was walking west on a public sidewalk in front of Neinas Intermediate School in Detroit. When she had reached the center of the block she was struck from behind and thrown to the sidewalk. She suffered severe injuries to her foot, ankle and back. The accident was caused by Steve Krupansky, a pupil at the school, who was running a 100-yard dash when he struck Mrs. McDonell. Mr. Hadcock, in charge of health education at the school, had sent the boys out on the sidewalk for their races because there was insufficient room in the building or on the school grounds. These trials were held during the health

education hour, and were a part of the physical aspect of the educational program. When Hadcock sent the boys out he remained inside but Jack Brozo, a bath attendant, accompanied them for the purpose of supervision.

While these trials were being run no barrier was erected nor any warning given to pedestrians on the walk. But several of the pupils testified that Hadcock had told them not to run when there were other people on the sidewalk, and Krupansky was present when such instructions were given. When the timer gave the signal for the race to start, he did not see Mrs. McDonell, but Leo Powers, the running mate of Krupansky saw her. Powers testified that when they started to run Mrs. McDonell was about 50 yards ahead of them and that he intended to run around her. Steve Krupansky testified that at the time the signal was given he noticed Mrs. McDonell on the street. He watched her as he was running toward her and when he was 15 or 20 feet from her he started to slow up so that Powers would get ahead of him. But instead of stopping or running off the sidewalk, Krupansky, knowing that Mrs. McDonell was in front of him, continued on his course and made no earnest effort to avoid her. He testified:

"Notwithstanding the fact that Mrs. McDonell was in my path, I continued to run, and I hit her. * * * I could have avoided hitting her by stopping running."

Mr. Brozo had told the timer to wait but the timer gave the signal for the runners to start, then looked up and saw the woman. The timer stated that Mr. Brozo saw her and then yelled at him. But the warnings either came too late or were not heeded.

The plaintiffs seek recovery from the board of education of the city of Detroit, John F. Brozo, school bath attendant, Percy W. Hadcock, director of health education, and John F. Grant, school principal. Trial was without a jury. From judgments for defendants, plaintiffs appeal.

Plaintiffs recognize the rule that in the absence of a statute a school district while engaged in a governmental function is not liable for the negligence of its employees and officers. *Daniels* v. *Board of Education of Grand Rapids,* 191 Mich. 339 (L. R. A. 1916F 468). But plaintiffs rely on *Ferris* v. *Board of Education of Detroit,* 122 Mich. 315, and contend that their cases fall within the rule stated therein. They point out that in the *Daniels Case* the injury occurred on the school premises while in the *Ferris Case* the trespass and injury did not occur on school property. But the fact that the accident happened outside of the premises of the school does not necessarily cause the school district to lose its immunity. In *Carlo* v. *Scranton School District,* 319 Pa. 417 (179 Atl. 561), a flagstaff, located on the school premises, because of its "defective, rusted and weakened condition" fell upon a boy walking on a public sidewalk. The court held there was no liability on the school district. In *McKenna* v. *Kimball,* 145 Mass. 555 (14 N. E. 789), the defendants, the school committee, employed others to cut down a tree which was standing on school property. The workmen were negligent and the tree fell upon plaintiff who was on the street. The Massachusetts court held the defendants, in ordering the removal of the tree, were acting as public officers in the discharge of a public duty and were not liable for the negligence of those whom

they employed to execute their order. The Illinois court, in *City of Chicago* v. *City of Chicago, Trustee for the Use of Schools and Board of Education of Chicago*, 243 Ill. App. 327, held that the board of education was not liable for injuries to a person who tripped over a coal hole located upon the sidewalk adjoining and in front of the school which defendants had permitted to become out of repair and dangerous to persons using the sidewalk. The fact that the boys in the instant case were gathered on the street did not amount to a trespass. They had a legal right to be there and therein lies the distinguishing feature from the case of a trespass upon the land of another. The immunity from liability is not restricted to those accidents that occur on the property of the school district.

Nor can the three individual defendants be held liable on the theory of their being negligent in permitting these races on a public sidewalk. Plaintiffs contend that the following ordinance is applicable:

"No person shall play any game of nine or ten pins, ball, wicket or other games in any street, alley or other public space." Compiled ordinances of the city of Detroit of 1926, chap. 32, § 11, p. 67.

Assuming, but not deciding, that the ordinance is applicable, still its violation was not the proximate cause of this accident. Even if it be assumed (though the record does not so show) that defendants were negligent in allowing the trials to be run on the walk, still the proximate cause of the accident was the reckless negligence of Krupansky who, knowing that Mrs. McDonell was on the walk, continued his pace until he ran into her. Such inexcusable and unusual conduct on the part of a boy 14 years old certainly could not be foreseen. Further,

the instructions not to run when others were on the walk were explicit.    The regrettable conduct of Steve Krupansky, not negligence on the part of defendants, caused the injury to Mrs. McDonell.

Plaintiffs also contend that conducting this race on a public sidewalk was a nuisance, and for the creation and maintenance of this nuisance defendants are liable under the Detroit city ordinances of 1926, chap. 140, § 1, p. 548.    The record does not indicate that a nuisance existed for which defendants were chargeable.    In *Kilts* v. *Board of Supervisors of Kent County*, 162 Mich. 646, 651, the court defines nuisance:

"We are of the opinion that a nuisance involves, not only a defect, but threatening and impending danger to the public, or, if a private nuisance, to the property rights or health of persons sustaining peculiar relations to the same."

The court then quotes from a number of cases and texts and sums them up as follows:

"Running through all of these is the element of a wrongful, continuing, impending danger to the lives, limbs, or health of the public, or to the legitimate property or personal rights of private persons peculiarly subject to the danger."

There is no showing that previous to this time the traveling public were annoyed or injured by these races.    In fact there is no showing that they had ever before been run while a member of the public was on the walk.    Permitting these boys to run on the sidewalk did not create a continuing dangerous condition which threatened the lives and limbs of the public.    On this record it cannot be held there was a nuisance created by defendants for which they

are liable. The negligence of Krupansky caused the injury to Mrs. McDonell and not the acts of the defendants. Plaintiffs' attempt to classify defendants' alleged negligent act as a nuisance comes well within our observation in *Royston* v. *City of Charlotte,* 278 Mich. 255.

The judgment of the circuit court is affirmed, with costs to the appellees.

Wiest, C. J., and Butzel, Bushnell, Sharpe, Potter, Chandler, and McAllister, JJ., concurred.