POUND *v.* GARDEN CITY SCHOOL DISTRICT.

SCHOOLS AND SCHOOL DISTRICTS—ICY CONDITION OFF PREMISES— GOVERNMENTAL IMMUNITY.

> Declaration stating that defendant school district's school building was so constructed that water from the roof was discharged onto and across the public sidewalk bordering the school building resulting in the sidewalk becoming coated with ice upon which plaintiff wife fell and sustained injuries stated a cause of action for direct injury to the person of such plaintiff while outside the limits of the defendant's premises to which the defense of governmental immunity may not be interposed.

Appeal from Wayne; Montante (James), J. Submitted December 5, 1963. (Calendar Nos. 127, 128, Docket Nos. 50,074, 50,075.) Decided April 6, 1964.

Case by Genevieve Pound against School District for the City of Garden City for personal injuries sustained February 5, 1959, by fall on ice created on sidewalk by improper drainage from school property. Derivative suit by William T. Pound. Cases con-

---

REFERENCES FOR POINTS IN HEADNOTE

47 Am Jur, Schools § 58.
Tort liability of public schools and institutions of higher learning. 160 ALR 7, 86 ALR2d 489.

solidated and dismissed on motion. Plaintiffs appeal. Reversed and remanded.

*Cassese, Batchelder, Jasmer & Evanski (Joseph B. Evanski, of counsel), for plaintiffs.*

*Miller, Canfield, Paddock & Stone,* for defendant.

Souris, J. Defendant school district owned a school building, water from the roof of which was drained through a downspout onto a cement culvert. The culvert discharged the water onto and across the public sidewalk which bordered the school building. As a result the sidewalk became coated with ice upon which plaintiff Genevieve Pound slipped and fell, sustaining injuries. Her declaration and her husband's (suit was also started by Mr. Pound to recover his resulting damages) alleging these facts were dismissed by the trial court upon defendant's motion, the trial court reluctantly concluding that upon the facts alleged defendant could escape liability by interposing the defense of governmental immunity.

In *Ferris v. Board of Education of Detroit,* 122 Mich 315, defendant constructed a school building so near plaintiff's lot line that ice and snow from the roof of defendant's building fell onto plaintiff's premises. Plaintiff slipped and fell on such ice and snow, and brought suit *for the personal injuries he sustained, but not for any damages to his freehold.*

"It is conceded by counsel for plaintiff that municipal corporations are not generally held liable, under the common law, for negligent injuries to individuals arising from defective plans of construction of public works or failure to keep the same in repair; but it is contended that, *where the injury is the result of the direct act* or trespass of the municipality, it is liable, no matter whether acting in a

public or private capacity. We are satisfied that counsel for plaintiff are right in this contention." (Emphasis added.)   p 318.

"The cause of action is not a neglect in the performance of a corporate duty rendering a public work unfit for the purposes for which it was intended, but *the doing of a wrongful act, causing a direct injury to the person of the plaintiff, while outside the limits of the defendant's premises.* We think it must be said that the erection of the building without these barriers was the proximate cause of the injury. An injury has happened by the defendant's wrongful act, and it cannot be set up as a defense that there was a more immediate cause of injury. To entitle a party to exemption, he must show, not only that such injury might have happened, but that it must have happened, if the act complained of had not been done." (Emphasis added.)   p 319.

"In the present case it appeared that snow and ice must inevitably slide from this slate roof, as there were no barriers to prevent it. The school board had notice of it. It should have anticipated that the plaintiff or his family might receive an injury by the falling of the snow and ice, or that, by attempting to travel or go over it, they might be injured in that way."   p 320.

In *Ferris,* defendant's wrongful act was the construction of a building in such a manner that ice and snow fell upon plaintiff's premises. In these cases of Pound, plaintiffs have alleged defendant's wrongful act to be the construction of its building in such a manner that water flowed across the public sidewalk and caused a dangerously icy condition. Plaintiffs' declarations allege facts similar enough to those in *Ferris* to meet that case's criterion of "a direct injury to the person of the plaintiff, while outside the limits of the defendant's premises." We hold, therefore, that plaintiffs' declarations were sufficient to state a cause of action to which the defense of

governmental immunity may not be interposed. To hold otherwise would be to establish a distinction between a plaintiff who is directly injured while upon his own premises by the wrongful act of defendant and another plaintiff who is likewise directly injured in a place, such as a public way, where he has a right to be and which is not subject to the authority of defendant. Such a distinction would be without justification in logic or public policy.

Defendant cites several cases which have sustained the defense of governmental immunity to actions for tortious injury, but in those cases the injury which plaintiff sustained did not occur, as in *Ferris* and *Pound,* "outside the limits of the defendant's premises" but rather occurred in areas subject to the authority of defendants.* See, *e. g., McDowell* v. *State Highway Commissioner,* 365 Mich 268.

Reversed and remanded. Costs to plaintiffs.

Kavanagh, C. J., and Dethmers, Kelly, Black, Smith, and O'Hara, JJ., concurred.

Adams, J., took no part in the decision of this case.

---

* In *McDonnell* v. *Brozo,* 285 Mich 38, a school child who was participating in a race on the public sidewalk under school supervision struck plaintiff, knocking her down and injuring her. Plaintiff brough suit, *inter alia,* against the board of education, relying upon *Ferris.* The Court affirmed denial of relief on the ground of the defense of governmental immunity, noting that "the fact that the accident happened oustide of the premises of the school does not necessarily cause the school district to lose its immunity." 285 Mich 38, 41. The Court inexplicably thought that the feature distinguishing *McDonnell* from *Ferris* was that the child in *McDonnell* had a legal right to be upon the sidewalk, while in *Ferris* defendant had no legal right to allow ice to fall on plaintiff's land. 285 Mich 38, 42. By a parity of reasoning, however, defendant in these cases of Pound had no legal right to channel water over the public sidewalk, thereby endangering passers-by, and so *Ferris* and not *McDonnell* should be controlling. That *Ferris* possesses contemporary vitality, see our reliance upon it in *Herro* v. *Chippewa County Road Commissioners,* 368 Mich 263, 269, 270.