ROSARIO v CITY OF LANSING

ESTATE OF ROSARIO v CITY OF LANSING

OPINION OF THE COURT

1. STATES—SOVEREIGN IMMUNITY—NUISANCE—MAINTENANCE—NEGLI-
GENCE.

Acts in the discharge of governmental functions which create a
nuisance per se do not come within the immunity otherwise
accorded a governmental agency; but want of care in mainte-
nance presents a question of negligence only and not of public
nuisance.

CONCURRENCE IN RESULT BY D. E. HOLBROOK, JR., J.

2. STATES—SOVEREIGN IMMUNITY—NUISANCE—NEGLIGENCE—SAME
DOCTRINES.

*Attractive nuisance is merely another label for negligence and is
therefore subject to the same governmental immunity doctrines
as a negligence claim.*

Appeal from Ingham, Jack W. Warren, J. Sub-
mitted November 12, 1975, at Lansing. (Docket No.
23671.) Decided January 8, 1976. Leave to appeal
applied for.

Complaint by Terrance Rosario, Administrator
of the estate of DeAndrea Rosario, deceased,
against the City of Lansing and Bethlehem Evan-
gelical Lutheran Church of Lansing for wrongful
death caused by the negligent maintenance of a
sewer drain cover. Summary judgment for defend-
ant City of Lansing. Plaintiff appeals by leave
granted. Affirmed.

REFERENCE FOR POINTS IN HEADNOTES

[1, 2] 57 Am Jur 2d, Municipal, School, and State Tort Liability § 313
*et seq.*

*Camille S. Abood,* for plaintiff.

*George H. Denfield,* for defendant City of Lansing.

Before: Quinn, P. J., and R. B. Burns and D. E. Holbrook, Jr., JJ.

R. B. Burns, J. DeAndrea Rosario, while playing with other children in the Bethlehem Evangelical Lutheran Church parking lot, fell into an open sewer drain and drowned.

The administrator of her estate sued both the City of Lansing and the church alleging negligence. Plaintiff later amended his complaint to allege that the city knew that children played in the area and knew that the drain cover had been removed on prior occasions, and that the condition created an "attractive nuisance".

Defendant, City of Lansing, moved for a summary judgment claiming that decedent was fatally injured upon property owned and controlled by the church and that the city was governmentally immune.

The trial judge granted the city's motion for summary judgment. We affirm.

MCLA 691.1407; MSA 3.996(107) provides:

"Except as in this act otherwise provided, all governmental agencies shall be immune from tort liability in all cases wherein said governmental agency is engaged in the exercise and discharge of a governmental function. Except as otherwise provided herein, this act shall not be construed as modifying or restricting the immunity of the state from tort liability as it existed heretofore, which immunity is affirmed."

The Supreme Court in *Royston v City of Char-*

*lotte,* 278 Mich 255, 258; 270 NW 288, 289 (1936), stated:

"The circuit judge also stated:

" 'Did the fact that the swing in question was knowingly maintained in a faulty and dangerous condition by the defendant city, constitute an attractive nuisance and render the City of Charlotte liable by reason thereof?

" 'I am of the opinion it did not.'

"The court was right in so holding."

On page 260 the Court continued:

"Acts in the discharge of governmental functions which create a nuisance per se do not come within the immunity otherwise accorded. Want of care in maintenance, however, presents the question of negligence only, and not that of a public nuisance, which must rest on inherent danger even under the best of care."

Affirmed. Costs to defendant City of Lansing.

QUINN, P. J., concurred.

D. E. HOLBROOK, JR., J. *(concurring).* I agree that the City of Lansing properly invoked the doctrine of governmental immunity as to the negligence claim and the "attractive nuisance" claim. MCLA 691.1407; MSA 3.996(107). I concur in the application of the doctrine of governmental immunity to the "attractive nuisance" claim solely because "attractive nuisance" is merely another label for negligence. 2 Restatement Torts, 2d, § 339, comment o, p 206, see *Lyshak v Detroit,* 351 Mich 230; 88 NW2d 596 (1958), Prosser, Torts (4th ed), § 59, pp 364–376.

I vote to affirm.