AFFILIATED FM INSURANCE COMPANY v DEPARTMENT OF
STATE HIGHWAYS AND TRANSPORTATION

Docket No. 77-2633. Submitted June 5, 1978, at Lansing.—Decided
October 2, 1978. Leave to appeal applied for.

Affiliated FM Insurance Company, Citizens Insurance Company
of America and West American Insurance Company, as subro-
gees of insured property owners who were damaged as a result
of an apartment house fire, brought an action in the Court of
Claims against the Department of State Highways and Trans-
portation for negligence, gross negligence, nuisance, trespass
and deprivation of useful possession of property. An accelerated
judgment on the basis of immunity from tort liability was
entered for defendant, Martin E. Clements, J. Plaintiffs appeal.
The question presented on appeal is whether the state can
escape liability under governmental immunity when, during
excavation of a state highway right-of-way, it disconnects a 12-
inch water main on the right-of-way and either fails to recon-
nect it at all or replaces it with an 8-inch main, thereby cutting
off or reducing the water supply necessary to combat a fire
occurring on nearby private property. *Held:*

The defense of governmental immunity may be invoked in a
nuisance action unless there is a showing that a nuisance
which was intentionally created in fact exists. Here, there were
no allegations of an intentional act of negligence or showing of
a deliberately created nuisance. Accelerated judgment was
proper.

Affirmed.

CYNAR, J., concurs with the majority's analysis of the govern-

REFERENCES FOR POINTS IN HEADNOTES

[1, 8] 39 Am Jur 2d, Highways, Streets, and Bridges §§ 103, 341-348.
[2] 39 Am Jur 2d, Highways, Streets, and Bridges § 371.
  57 Am Jur 2d, Municipal, School, and State Tort Liability § 301.
[3] 58 Am Jur 2d, Nuisances §§ 5-13.
[4, 7, 8] 57 Am Jur 2d, Municipal, School, and State Tort Liability
  § 301.
  58 Am Jur 2d, Nuisances § 12.
  58 Am Jur 2d, Nuisances §§ 12, 13.
[6] 39 Am Jur 2d, Highways, Streets, and Bridges §§ 199-201, 204.

mental immunity issue up to the point of the disposition of the case but would remand to the trial court to give plaintiffs an opportunity to amend their pleadings to conform with the Supreme Court's recent pronouncements regarding the nuisance exception to governmental immunity.

OPINION OF THE COURT

1. TORTS—HIGHWAY MAINTENANCE—GOVERNMENTAL FUNCTIONS—GOVERNMENTAL IMMUNITY—EXCEPTIONS.

State conduct which occurs in the course of the maintenance or improvement of a highway is clearly a governmental function and unless such activity falls within one of the several exceptions to the governmental immunity rule, it is conduct for which the defense of governmental immunity is available.

2. TORTS—GOVERNMENTAL IMMUNITY—TRESPASS—NUISANCE.

The defense of governmental immunity is inapplicable, in addition to the statutory exceptions, where damage to private property is caused by direct trespass of an instrumentality from government owned land onto private property and where the government maintains a nuisance per se.

3. NUISANCE—CLASSIFICATION OF NUISANCES—NUISANCE PER SE—NUISANCE IN FACT—NEGLIGENT NUISANCES.

Nuisances are classified as (1) nuisances created by illegal conduct (nuisances per se), (2) nuisances created by conduct intended to bring about conditions which, in fact, constituted a nuisance (intentional nuisances), and (3) nuisances created by negligent conduct (negligent nuisances); when placed within the general nuisance categories of nuisance per se and nuisance in fact, the last two categories, intentional nuisance and negligent nuisance, are nuisances in fact requiring factual resolution by the trier of fact.

4. TORTS—GOVERNMENTAL IMMUNITY—NUISANCE.

The defense of governmental immunity is not a bar to actions for intentionally created nuisances in fact.

5. NUISANCE—NUISANCE PER SE—NEGLIGENCE—DEFINITION.

A nuisance per se is a nuisance which obviously exposes another to probable injury, the substance of the wrong in respect of which is not negligence; it is a distinct civil wrong arising or resulting from the invasion of a legally protected interest.

6. HIGHWAYS—STATE HIGHWAY COMMISSION—PLENARY POWER—STATUTES.

The State Highway Commission has plenary power over high-

ways and utilities lying in their rights-of-way (Const 1963, art 5, § 28, MCL 247.184, 247.185, 247.801 *et seq.;* MSA 9.264, 9.265, 9.216[1] *et seq.).*

7. TORTS—NUISANCE—GOVERNMENTAL IMMUNITY.

The defense of governmental immunity may be invoked in a nuisance action unless there is showing that a nuisance in fact exists and that it was intentionally created.

CONCURRENCE IN PART, DISSENT IN PART BY CYNAR, J.

8. TORTS—NUISANCE—GOVERNMENTAL IMMUNITY—NEW RULES—REMAND.

*The Supreme Court has recently ruled that governmental immunity may be invoked unless there is a showing that a nuisance in fact exists which was intentionally created; therefore, where a nuisance action was commenced prior to that pronouncement and disposed of by accelerated judgment based on governmental immunity, the Court of Appeals should remand the matter to the trial court to give plaintiffs an opportunity to amend their pleadings to conform with the new rule regarding the nuisance exception to governmental immunity.*

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Louis J. Caruso* and *Myron A. McMillan,* Assistants Attorney General, for defendant.

*Ross, Soloy & Kochansky,* for plaintiffs.

Before: ALLEN, P.J., and CYNAR and D. R. FREEMAN,* JJ.

ALLEN, P.J. Can the state escape liability under governmental immunity when, during excavation of a state highway right-of-way, it disconnects a 12-inch water main on the right-of-way and either fails to reconnect it at all or replaces it with an 8-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

inch main, thereby cutting off or reducing the water supply necessary to combat a fire occurring on nearby private property? On May 20, 1977, the Court of Claims held yes and plaintiffs appeal of right.

On January 14, 1976, a fire severely damaged the Lemontree Apartment complex located just off of I-94 in Van Buren Township, Wayne County. As a result of the fire, the three plaintiff insurance companies paid their policyholders some $670,430.36, taking subrogation agreements under which complaint was filed in the Court of Claims. Plaintiffs' complaint, taken as true for purposes of this appeal, alleges that prior to the fire a 12-inch pipe which supplied water to the apartment complex was disconnected when the Department of Highways and Transportation was excavating or otherwise working on the I-94 highway. Plaintiffs allege that the 12-inch pipe was replaced with an 8-inch pipe, thereby reducing available water supply with which to fight the fire at the insured premises.[1] Defendant's first responsive pleading, a motion for accelerated judgment on the basis of immunity from tort liability under 1964 PA 170, MCL 691.1407; MSA 3.996(107), was granted by the trial judge sitting in the Court of Claims.

Whether the damage was caused by insufficient water pressure or by lack of any water at all, the offensive state conduct occurred in the course of the maintenance or improvement of a highway. Such activity is clearly a governmental function. *Thomas v Dep't of State Highways,* 398 Mich 1, 11, 12; 247 NW2d 530 (1976). Unless such activity falls within one of the exceptions to the immunity rule,

---

[1] At oral argument, plaintiffs stated that subsequent investigation disclosed that the 12-inch pipe was not in fact replaced with an 8-inch pipe but was never reconnected at all and thus no water was available from the disconnected main.

it is conduct for which the defense of governmental immunity is available to the highway department. *Thomas, supra.*

Plaintiffs pled negligence and nuisance and argue that the state's conduct falls within two of the exceptions to governmental immunity recognized by this Court in *Gerzeski v Dep't of State Highways,* 68 Mich App 91, 95; 241 NW2d 771 (1976).

"In addition to the statutory exceptions, governmental immunity has been held inapplicable in two other, related instances. The first is where damage is caused by 'direct trespasses' of an instrumentality from government owned land onto private property. See *e.g. Ferris v Detroit Board of Education,* 122 Mich 315; 81 NW 98 (1899), *Herro v Chippewa County Road Commissioners,* 368 Mich 263; 118 NW2d 271 (1962), *Pound v Garden City School District,* 372 Mich 499; 127 NW2d 390 (1964). In such cases, the governmental action which caused plaintiff's injuries or property damage has been considered nearly an intentional tort. The *Ferris, Herro* and *Pound* cases all involved damage caused by water escaping from government land, a traditional strict liability tort. Prosser, Torts (4th ed), § 78 p 505, 508–516. See also *Robinson v Township of Wyoming,* 312 Mich 14; 19 NW2d 469 (1945).

"The second non-statutory exception is the maintenance of a per se nuisance."

We quickly reject the claim that this case falls within the direct trespass exception as in cases where accumulated ice and snow falls from the roof of a public building onto plaintiff's lands or person or where a public pond or lake is negligently constructed causing water to be discharged upon plaintiff's lands. Here, the situation is just the reverse, it being the absence or insufficiency of water discharge which causes the injury. Nor is this case similar to *Buckeye Union Fire Insurance Co v Michigan,* 383 Mich 630, 643; 178 NW2d 476

(1970), where fire originating on state owned lands spreads to neighboring properties causing their loss for which plaintiffs' insurers paid and sued the state. In the instant case the fire did not start on state property. In no way may it be said that an instrumentality (fire) spread from state land to private property. Instead, the alleged offending conduct occurred within the right-of-way of state highway property and in no way can be considered a trespass. *Buckeye, supra,* is also distinguishable for the reason that repeated trespasses or repeated nontrespassory invasions existed.[2] In the instant case we do not have a *Buckeye* type situation of repeated trespasses or repeated nontrespassory invasions. Instead we have a single act of negligence, *viz:* failure to replace a water pipe or replacement with a smaller gauge pipe.

For reasons occurring subsequent to oral argument in this case, plaintiffs' argument, *i.e.,* that defendant's conduct is a nuisance against which the defense of immunity cannot be raised, is of first impression. We refer to the Supreme Court's opinions, released July 24, 1978, in *Gerzeski v Dep't of State Highways,* 403 Mich 149; 268 NW2d 525 (1978)[3] and *Rosario v Lansing,* 403 Mich 124; 268 NW2d 230 (1978). Prior to the Supreme Court's decision in these cases our Court had consistently held that "nuisances in fact do not survive an otherwise proper claim of governmental immunity". *Buddy v Dep't of Natural Resources,* 59

[2] The *Buckeye* Court quoted a portion of the decision in *Thornburg v Port of Portland,* 233 Or 178; 376 P2d 100 (1962), as follows:

"In summary, a taking occurs whenever government acts in such a way as substantially to deprive an owner of the useful possession of that which he owns, either by *repeated* trespasses or by *repeated nontrespassory invasions called 'nuisance'."* (Emphasis supplied.)

[3] The *Gerzeski* opinion also included *Fouchia v Dep't of State Highways.* Oral argument in the case before us was held June 5, 1978.

Mich App 598, 606; 229 NW2d 865 (1975), *Rosario v Lansing,* 66 Mich App 597; 239 NW2d 428 (1976). See also dissenting opinion of Justice RYAN in *Rosario, supra.* However, this Court's interpretation of the law was reversed on appeal of *Rosario* to the Supreme Court. Five justices concluded that when properly pled, a nuisance in fact condition was not subject to defeat by reason of governmental immunity. However, the justices divided on the question of whether the nuisance must be created intentionally.[4]

In *Gerzeski,* five justices agreed with the classification of "nuisance" as set forth in Justice MOODY's opinion:

"1. nuisances created by illegal conduct (nuisances per se);

"2. nuisances created by conduct intended to bring about conditions which, in fact, constituted a nuisance (intentional nuisances); and

"3. nuisances created by negligent conduct (negligent nuisances).

"As noted, when placed within the general nuisance categories of nuisance per se and nuisance in fact, the last two categories, intentional nuisance and negligent nuisance, are nuisances in fact requiring factual resolution by the trier of fact."

but, as in *Rosario,* split 3-2 as to whether the bar

---

[4] "In conclusion, plaintiff has sufficiently pled a claim grounded upon nuisance in fact. Governmental immunity does not bar the claim. Whether or not the open drain was a nuisance was a question for the jury. Therefore, the granting of the summary judgment for the City of Lansing was improper." Justices FITZGERALD, KAVANAGH and LEVIN. 403 Mich at 138.

"If the trier of fact finds the existence of a nuisance in fact, the trier of fact must then determine whether the nuisance in fact was created negligently or intentionally. When the trier of fact determines that the alleged nuisance was intentional, governmental immunity is not a bar." Justices MOODY and WILLIAMS, concurring. 403 Mich at 142.

of governmental immunity is inapplicable when the alleged nuisance is not intentionally created. In short, *Gerzeski-Rosario* hold that the defense of governmental immunity is no longer a bar to intentionally created nuisances in fact. In both cases Justice Ryan, joined by Justice Coleman, dissented on grounds that case-made exceptions to governmental immunity extend only to per se and direct trespass nuisances.

What effect do the *Rosario-Gerzeski* decisions have on our decision in the instant case? Before answering this question we note that in *Gerzeski,* a case involving a large pond created by the highway department in which three persons drowned while walking on the ice covering the pond, trial had been held in circuit court and the court had made findings of fact that the pond was an intentionally created nuisance. In *Rosario,* a 19-month-old child drowned when she fell into a drain whose covering was improperly secured. No trial was held since the trial court granted the city's motion for summary judgment on grounds of governmental immunity but plaintiff's amended complaint set forth in some detail that notice of the defect had frequently been called to the city's attention but the city had failed to secure the covering or provide a heavier covering which could not be removed by children. In the case before us plaintiffs' complaint on the nuisance allegation is skeletal at best.[5]

---

[5] "15. That by its actions, Defendant, State of Michigan, Department of Highways and Transportation breached said duty by reducing the supply of water available to combat or otherwise contain the aforementioned fire.

"16. That said breach and actions or inactions were not only negligent but were also of such nature to render them gross and wanton misconduct, and such actions damaged Plaintiffs' subrogors.

"17. That said breach and actions or inactions constituted a nuisance, and such nuisance damaged Plaintiff's subrogors."

Under no circumstances was the defective pipe in this case a nuisance per se, nor could it be made so by amendment to the complaint. A nuisance per se is defined as

"An 'absolute' nuisance, sometimes referred to as being the same as a 'nuisance per se,' has been defined as a nuisance, the substance of the wrong in respect of which is *not negligence,* which obviously exposes another to probable injury. It is *a distinct civil wrong* arising or resulting from the invasion of a legally protected interest * * * ." 66 CJS, Nuisances, § 1b, p 729. (Emphasis supplied.)

Here, no illegal act was committed. As defendant points out, Const 1963, art 5, § 28 and MCL 247.184, 247.185; MSA 9.264, 9.265 and MCL 247.801 *et seq.;* MSA 9.216(1) *et seq.,* give defendant plenary power over highways and utilities lying in their rights of way. In *Anderson v Iron Mountain Water Works,* 225 Mich 574, 577; 196 NW 357 (1923), it was held that liability could not be imposed on defendant water works for fire damage to plaintiff's property caused when water could not be furnished because one hydrant was frozen and another was covered with snow.[6] Since plaintiffs' insureds had no right to water for fire protection, and since the highway department's action was not illegal, no nuisance per se existed here.

If plaintiffs are to prevail, *Rosario-Gerzeski* hold they must do so on a showing of a nuisance in fact which is intentionally created. Otherwise, four members of the Supreme Court hold that the defense of governmental immunity may be invoked. In the instant case, plaintiffs have not

[6] "The courts have almost uniformly held that municipalities are not bound to furnish water for fire protection." *Id.* at 577.

alleged an intentional act of negligence. Unlike *Rosario-Gerzeski,* no notice of the potential hazard is alleged. In effect, plaintiffs merely aver that a single act of negligence—failure to reconnect a hydrant or reconnection with a smaller gauge pipe —was committed. This is hardly a nuisance, much less a deliberately created nuisance. We do not read *Rosario-Gerzeski* as going so far as to hold that single acts of negligence may escape the defense of governmental immunity by the expedient of calling them a nuisance. Plaintiffs' allegations are negligence pure and simple and, as such, were properly subject to the motion for summary judgment.

Affirmed, no costs, a public question being involved.

D. R. FREEMAN, J., concurred.

CYNAR, J. *(concurring in part, dissenting in part).* I concur in the majority's analysis of the governmental immunity issue up to the point of the disposition of the case. I would remand this matter to the trial court to give plaintiffs an opportunity to amend their pleadings to conform with the Supreme Court's recent pronouncements regarding the nuisance exception to governmental immunity. See *Rosario v Lansing,* 403 Mich 124; 268 NW2d 230 (1978), and *Gerzeski v Dep't of State Highways,* 403 Mich 149; 268 NW2d 525 (1978). At the time the complaint was filed there was no way for these plaintiffs to predict that the nature of the alleged nuisance was at all relevant. After plaintiffs are given the opportunity to so amend, defendant could then file a motion for summary judgment to test the sufficiency of the complaint against the standards set forth in *Gerzeski* and *Rosario.*