## MECHAY v. CITY OF DETROIT.

1. MUNICIPAL CORPORATIONS—STREET LIGHT POLES—REPAIR—NUI-
SANCE—STATUTES.

Whether or not city maintained a nuisance by not keeping a
street light pole in repair is not determined, although suggested,
in action by employee of painting contractor for injuries sus-
tained when pole broke as plaintiff was painting top of the
pole, where liability is planted squarely on defendant city's
breach of its statutory duty to "keep in reasonable repair, so
that they shall be reasonably safe and convenient for public
travel, all public highways, streets, bridges, sidewalks, cross-
walks, and culverts that are within their jurisdiction" (CLS
1956, § 242.1; CL 1948, § 242.3).

2. SAME—REPAIR OF STREETS—STATUTES.

Statutorily imposed duty of city to keep in reasonable repair all
public highways and streets within its jurisdiction so they shall
be reasonably safe and convenient for public travel defines the
standard by which the duty is measured and does not constitute
a restriction upon the persons to whom the duty is owed
(CL 1948, § 242.3).

3. SAME—REPAIR OF STREETS—PROXIMATE CAUSE OF INJURY.

The breach of the duty of a city to keep its highways and streets
within its jurisdiction in good repair creates a liability to any
person or persons injured by reason of the municipality's breach
(CLS 1956, § 242.1; CL 1948, § 242.3).

4. SAME—STREET LIGHT POLE—BREACH OF DUTY TO REPAIR—INJURED
PAINTER.

Plaintiff who was injured when street light pole broke while he
was painting its top, under contract with the city for such
service, held, included among persons entitled to recover from
city for bodily injuries sustained by reason of defendant city's
breach of its statutory duty to keep its street in good repair
(CLS 1956, § 242.1; CL 1948, § 242.3).

DETHMERS, C. J., and CARR and KELLY, JJ., dissenting.

REFERENCES FOR POINTS IN HEADNOTES
[1-4]  25 Am Jur, Highways §§ 348, 349.

Appeal from Wayne; Gilmore (Horace W.), J. Submitted January 10, 1961. (Docket No. 56, Calendar No. 48,557.) Decided November 30, 1961. Rehearing denied March 15, 1962.

Case by Jemil Mechay against the City of Detroit, a municipal corporation, for personal injuries sustained by him while painting street light pole on October 21, 1956. Declaration dismissed on motion. Plaintiff appeals. Reversed and remanded.

*Max M. Marston* and *Harold Helper,* for plaintiff.

*Nathaniel H. Goldstick,* Corporation Counsel, *Alfred Sawaya* and *Andrew F. Valenti,* Assistant Corporation Counsel, for defendant.

SOURIS, J. Plaintiff, under contract with defendant city of Detroit, was painting the top of a street light pole when the pole broke, throwing him to the ground. His amended declaration for damages was dismissed on motion and this appeal was taken to review that dismissal.

Plaintiff's amended declaration contains 3 counts. He alleged, in the first, common-law negligence; in the second, breach of a statutory duty; and in the third, breach of the common-law duty to maintain a safe place to work. No claims are made in this appeal by plaintiff with reference to dismissal of his first or third counts. However, he presents 2 questions, both of which apparently relate to count 2. By 1 of his questions, he suggests that count 2 sounds in tort for maintenance of a nuisance as to which the defendant municipality is not immune from liability. We find it unnecessary to consider this question for the reason that count 2 is planted squarely upon defendant's statutory duty to maintain its public highways, streets, bridges, sidewalks, crosswalks, and culverts in reasonable repair. CL

1948, § 242.3 (Stat Ann 1958 Rev § 9.593). Our review, therefore, will be limited to consideration of the applicability of the duty imposed by that statute to street light poles and the availability to plaintiff of the remedy provided by CLS 1956, § 242.1 (Stat Ann 1958 Rev § 9.591) for breach of that statutory duty.

CL 1948, § 242.3 (Stat Ann 1958 Rev § 9.593) provides, in part:

ι "It is hereby made the duty of townships, villages, cities, or corporations to keep in reasonable repair, so that they shall be reasonably safe and convenient for public travel, all public highways, streets, bridges, sidewalks, crosswalks, and culverts that are within their jurisdiction."

In *Rufner* v. *City of Traverse City*, 296 Mich 204, and *Cabana* v. *City of Hart*, 327 Mich 287 (19 ALR 2d 333), we ruled that CL 1948, § 242.3 (Stat Ann 1958 Rev § 9.593), requires cities to maintain in reasonable repair electric street light poles as part of their duty to keep in reasonable repair streets, highways, sidewalks, et cetera, so that they shall be reasonably safe and convenient for public travel. The argument is made by defendant that whether or not street light poles are required to be maintained in repair by that statute, the duty to do so does not extend to anyone except travelers and, since at the time of injury plaintiff was not traveling upon the adjoining street, defendant's statutory duty did not extend to him.

We disagree. The reference to public travel contained in the statute quoted above is not a restriction upon the persons to whom the duty is owed but, rather, defines the standard by which the duty is measured: "to keep in reasonable repair, so that they shall be reasonably safe and convenient for public travel."

This conclusion is supported by the provisions of CLS 1956, § 242.1 (Stat Ann 1958 Rev § 9.591), which creates the cause of action for breach of the statutory duty:

"Any person or persons sustaining bodily injury upon any of the public highways or streets in this State, by reason of neglect to keep such public highways or streets, and all bridges, sidewalks, crosswalks and culverts on the same in reasonable repair, and in condition reasonably safe and fit for travel by the township, village, city or corporation whose corporate authority extends over such public highway, street, bridge, sidewalk, crosswalk or culvert, and whose duty it is to keep the same in reasonable repair, such township, village, city or corporation shall be liable to and shall pay to the person or persons so injured or disabled, and to any person suffering damages by reason of such injury, just damages, to be recovered in an action of trespass on the case before any court of competent jurisdiction."

Liability is imposed upon municipalities in favor of "any person or persons" injured by reason of the municipality's breach of its statutory duty. We have not squarely held that the benefits of this section of the statute are limited only to travelers, nor do we see any ground upon which we should do so now. The opinion in *Beaudin* v. *Bay City,* 136 Mich 333 (4 Ann Cas 248, 16 Am Neg Rep 108), reasonably may be construed to suggest that the statutory cause of action is limited only to travelers lawfully upon the street, because it refers to cases outside Michigan which had so construed somewhat similar statutes and because the Court determined that the child plaintiff was entitled to recover so long as he was not unlawfully using the street. To the extent that there is any inference in that case inconsistent with this opinion, it is expressly overruled.

Reversed and remanded. Costs to plaintiff.

BLACK, EDWARDS, and KAVANAGH, JJ., concurred with SOURIS, J.

CARR, J. (*dissenting*). The amended declaration filed by plaintiff in this cause averred that on the 21st of October, 1956, he was an employee of Crown Painting Co., a contractor engaged by defendant city to paint certain poles on public streets. While engaged in painting a pole, forming a part of the street lighting system, plaintiff was injured as the result of the pole breaking and throwing him to the ground. In consequence of injuries so sustained an action for damages was instituted in the circuit court of Wayne county against the City of Detroit.

Plaintiff's pleading, which contained 3 counts, charged negligence on the part of employees of defendant in the maintenance of the pole in question. The second count included an averment that defendant "did maintain a nuisance in said highway." It was the theory of plaintiff's counsel, urged in the trial court and in this Court as well, that the pole was in such a condition of deterioration that it constituted a nuisance on the basis of which he was entitled to recover damages against the city. It was further averred by plaintiff as the principal ground of his alleged cause of action that the city had breached the statutory duty to maintain its public streets and highways in a condition reasonably safe for public travel thereon, and that plaintiff was and is entitled to rely on the modification of the doctrine of governmental immunity as enacted by the legislature.

On behalf of defendant a motion was submitted to the court asking the dismissal of the case on the ground that under the declaration no basis for liability on the part of the city was alleged. The trial court granted such motion, holding that the alleged defective pole was maintained by the city in connection with the performance of a governmental func-

tion, and that inasmuch as plaintiff was not a traveler on the street he was not entitled to the benefit of the statutory provisions granting a right of action for failure to maintain a public street in a condition reasonably safe for travel thereon to one injured as a result of such failure. From the order of dismissal, entered pursuant to the opinion of the circuit judge, plaintiff has appealed.

On behalf of defendant it is contended that the amended declaration filed in the cause did not allege facts indicating the maintenance by the city of an actionable nuisance. The circuit judge obviously agreed with such contention, and properly so. Plaintiff did not claim in his pleading that there was any defect in the pole as originally installed, or in the manner of installation. Rather, as the averments of the declaration clearly indicate, it was the theory of his counsel that the defective condition of the pole was such as to constitute a menace to traffic, and that the employees of the defendant were negligent in not properly maintaining said pole and in failing to exercise precautions against damage or injury due to the alleged condition. The conclusion cannot be avoided that the gist of the claimed cause of action is negligence on the part of employees of the city.

This Court has recognized in a number of prior decisions that a distinction must be drawn between liability for a nuisance resulting from the direct act of a municipality in the construction of public works, or otherwise, and situations involving merely negligence on the part of employees. In *Ferris* v. *Board of Education of Detroit,* 122 Mich 315, 318, 319, the rule as to liability was summarized as follows:

"The trial court was of the opinion that the defendant, being a municipal corporation, could not be held liable for negligent injuries under the common law, and, there being no liability created by statute, the

plaintiff could not recover. It is conceded by counsel for plaintiff that municipal corporations are not generally held liable, under the common law, for negligent injuries to individuals arising from defective plans of construction of public works or failure to keep the same in repair; but it is contended that, where the injury is the result of the direct act or trespass of the municipality, it is liable, no matter whether acting in a public or private capacity. We are satisfied that counsel for plaintiff are right in this contention. The plaintiff had the right to the exclusive use and enjoyment of his property, and the defendant had no more right to erect a building in such a manner that the ice and snow would inevitably slide from the roof, and be precipitated upon the plaintiff's premises, than it would have to accumulate water upon its own premises, and then permit it to flow in a body upon his premises. It has been many times held in this court that a city has no more right to invade, or cause the invasion of, private property, than an individual. * * *

"The cause of action is not a neglect in the performance of a corporate duty rendering a public work unfit for the purposes for which it was intended, but the doing of a wrongful act, causing a direct injury to the person of the plaintiff, while outside the limits of the defendant's premises. We think it must be said that the erection of the building without these barriers was the proximate cause of the injury."

Counsel for plaintiff cite and rely on *Robinson* v. *Township of Wyoming,* 312 Mich 14. The recovery of damages was there sustained on the ground that the defendant township had (p 25)

"so constructed its park and lake that the flooding of plaintiffs' property was a natural result from surplus water flowing out of the breakthrough in the embankment. The facts in this case take it out of the general rule that a municipality is not liable for the negligence of its officers and agents."

In *Rogers* v. *Kent Board of County Road Commissioners,* 319 Mich 661, also cited by counsel, defendant board, in removing a snow fence from decedent's land along a public highway, left a post protruding 6 to 8 inches above the ground. Injury was sustained by plaintiff's decedent as the result of machinery that he was operating coming on contact with said post. This Court held that leaving the post in the ground was a direct invasion by the defendant board of the rights of decedent. Among other decisions cited in support of the conclusion was *Ferris* v. *Board of Education, supra.* These cases and others of like import recognize the general rule that has been established in this State for many years by Court decisions.

In the case at bar there is no claim of liability on the part of defendant because of the presence of the pole within the limits of the street or in the manner of its original installation. As before noted, liability is in effect asserted on the basis of alleged negligence of defendant's employees in connection with the maintenance, repair, or replacement of said pole. In *Royston* v. *City of Charlotte,* 278 Mich 255, recovery was sought because of injuries sustained by plaintiff's decedent due to the breaking of a swing in a city park. It appeared from the facts in the case that said swing had been erected 14 years before the accident occurred, and that the immediate cause of the breaking was deterioration of a post set in a concrete base. In denying recovery this Court, speaking through Mr. Justice WIEST, said (p 260):

"If a municipality performed a governmental function in erecting the swing and 'is not liable for injuries received by negligence of its employees and agents in the maintenance thereof,' it is inconsistent to hold that recovery may be had on the ground that such negligence of the employees or agents of the municipality in the maintenance of the swing con-

stituted the swing a public nuisance. A city can act only through its officers or employees and if there was negligence in making inspection of the condition of the swing and not discovering the defective condition then there was but negligence in the maintenance and no liability.

"Acts in the discharge of governmental functions which create a nuisance *per se* do not come within the immunity otherwise accorded. Want of care in maintenance, however, presents the question of negligence only, and not that of a public nuisance, which must rest on inherent danger even under the best of care."

The trial court was not in error in the case at bar in rejecting plaintiff's claim that he was entitled to recover damages on the theory of the maintenance by defendant of an actionable nuisance. Recovery of damages on such basis for injuries received may not be predicated solely on a claim of negligence of municipal employees engaged in the performance of a governmental function.

Plaintiff's claim that liability may be imposed on defendant in the instant case on the ground of its alleged failure to maintain the street where the accident occurred in a condition reasonably safe and fit for travel thereon involves an interpretation of sections 1 and 3 of chapter 22 of the general highway law of the State,* said sections being respectively CLS 1956, § 242.1, and CL 1948, § 242.3 (Stat Ann 1958 Rev §§ 9.591 and 9.593), which read as follows:

"Sec. 1. Any person or persons sustaining bodily injury upon any of the public highways or streets in this State, by reason of neglect to keep such public highways or streets, and all bridges, sidewalks, crosswalks and culverts on the same in reasonable repair, and in condition reasonably safe and fit for travel by

---

* PA 1909, No 283, as amended (CL 1948, § 220.1 *et seq.*, as amended [Stat Ann 1958 Rev § 9.1 *et seq.*]).

the township, village, city or corporation whose corporate authority extends over such public highway, street, bridge, sidewalk, crosswalk or culvert, and whose duty it is to keep the same in reasonable repair, such township, village, city or corporation shall be liable to and shall pay to the person or persons so injured or disabled, and to any person suffering damages by reason of such injury, just damages, to be recovered in an action of trespass on the case before any court of competent jurisdiction."

"Sec. 3. It is hereby made the duty of townships, villages, cities, or corporations to keep in reasonable repair, so that they shall be reasonably safe and convenient for public travel, all public highways, streets, bridges, sidewalks, crosswalks, and culverts that are within their jurisdiction, and under their care and control, and which are open to public travel, and when the means now provided by law are not sufficient, or when the electors shall not have provided sufficient funds by vote at the annual meeting to enable any township, village or city to keep its public highways, streets, bridges, sidewalks, crosswalks and culverts in reasonable repair and in a condition reasonably safe and fit for public travel such township, village or city is hereby authorized to levy such additional sum upon the taxable property of such township, village or city, not exceeding 5 mills on the dollar, in any 1 year, as will enable such township, village or city to keep its public highways, streets, bridges, sidewalks, crosswalks, and culverts in good repair at all times.   Highway commissioners, together with the township board, and all other officers having special charge of highways, streets, bridges, sidewalks, crosswalks, and culverts, and the care or repairing thereof, are hereby made and declared to be the officers of the township, village, city, or corporation wherein they are elected or appointed, and shall be subject to the general direction of such township, village, city or corporate authorities in the discharge of their several duties."

By the statutory provisions quoted, and by prior enactments of like tenor, it is apparent that the legislature modified the doctrine of governmental immunity in such manner as to render it inapplicable to actions for damages for injuries sustained on public streets and due to failure to perform the statutory duty with reference to the care and maintenance thereof. The question here presented is in substance whether plaintiff's alleged cause of action falls within the scope of such modification. In other words, is the duty defined by the statute, and imposed thereby, designed for the protection of persons using the street or highway on which an injury is suffered other than for purposes of travel? Is the right to recover damages based on a breach of such duty limited to persons using public thoroughfares for the purpose for which they were created, that is, for travel thereon in the ordinary meaning of the term? Counsel for defendant say that the latter question must be answered in the affirmative and cite prior decisions of this Court involving the interpretation and application of the statutory provisions in question. On behalf of plaintiff it is insisted that anyone who sustains an injury because of failure to maintain the street or highway in a condition reasonably safe for travel thereon is entitled to recover damages for injuries sustained even though not using the street at the time for purposes of travel.

In support of plaintiff's contention counsel cite the case of *Coots* v. *City of Detroit,* 75 Mich 628 (5 LRA 315). In that case it appears that the plaintiff was a driver for the fire department of the city. In responding to an alarm in a certain location plaintiff was driving an engine on a public street of the city and was injured because of the existence of a hole approximately 18 inches deep, 3 to 4 feet in width, and about 10 feet in length, which ran crosswise of the street. The claim was made that because

he was in the service of the city as a fireman he was
not entitled to recover damages in view of certain
incidents pertaining to his employment. This Court
rejected such claim, holding that plaintiff was en-
titled to the same rights as citizens generally.
Specifically, it was held that he was entitled to the
performance of the statutory duty imposed on the
municipality with reference to the maintenance of
its streets and highways in common with other mem-
bers of the traveling public. As noted, he was driv-
ing his engine along the street at the time his injury
occurred, and in consequence the conclusion cannot
be avoided that he was at the time of his injury using
the street for purposes of travel. It may be noted in
passing that the claim was advanced that he was
guilty of contributory negligence in not maintaining
a proper outlook for his own safety, but the major-
ity of this Court sustained the judgment granted in
the trial court.

Attention is also called by counsel for plaintiff to
*Jablonski* v. *City of Bay City,* 248 Mich 306; *Rufner*
v. *City of Traverse City,* 296 Mich 204; and *Cabana*
v. *City of Hart,* 327 Mich 287 (19 ALR2d 333). In
each of these cases the injured party was a pedes-
trian using the street or highway where the injury
was suffered for purposes of travel thereon. It may
not be said that these decisions support the right of
plaintiff to recover against defendant under the
alleged facts set forth in the declaration.

Under applicable rules of statutory construction
the sections above quoted must be construed together.
In the latter section it is required that munici-
palities keep in reasonable repair all public streets,
highways, et cetera, under their control. Such duty
is limited to thoroughfares "open to public travel",
and the duty imposed has reference in specific terms
to such travel. In section 1 (first quoted above) a
right of action for bodily injury sustained "upon any

of the public highways or streets in this State" by reason of neglect to keep them in reasonable repair and reasonably safe and fit for travel is given against the municipality on which the duty is imposed. Plaintiff's contention in the instant case apparently involves a claim in his behalf that the provisions granting the right of action in certain cases are broader in their application than the corresponding provisions creating the duty a violation of which gives rise to such right of action. The argument suggests a somewhat anomalous situation, involving, as it does, the argument that the right given extends to those not using the highway for travel but for other purposes at the time of the receipt of injury. We are not in accord with this interpretation. It is inconsistent with the obvious intent of the legislature in the enactment of said sections to protect those using public thoroughfares for the purpose for which they are designed. Obviously such purpose involves traveling thereon. It is significant in this respect that the right of action is limited to injuries sustained *upon* a public highway or street. The right to recover damages for bodily injuries is not granted to one not on the thoroughfare at the time of injury. Decisions in other States having highway regulations analogous to those of Michigan here involved support the proposition stated. Typical of such decisions is *Head* v. *City Council of Augusta,* 46 Ga App 705 (169 SE 48). So far as Michigan is concerned, it is apparent that the conclusion follows from the language of the statute.

This Court in prior cases has repeatedly recognized that the statute imposing liability based on failure to maintain streets and highways in condition reasonably safe and fit for public travel thereon is in derogation of the common law and is, therefore, subject to the rule of strict construction. Such was the holding in *Goodrich* v. *County of Kalamazoo,* 304 Mich

442, 445, where the following language from *Brown* v. *Township of Byron,* 189 Mich 584, 587, was quoted:

" 'We have frequently held that liability of municipalities (counties) for injuries upon highways is purely statutory, and in derogation of the common law, and cannot be enlarged by construction.' "

In *Beaudin* v. *Bay City,* 136 Mich 333, plaintiff was injured on a defective sidewalk of the defendant municipality. It was held that under the proofs in the case plaintiff might properly be regarded as traveling on the street notwithstanding that his conduct involved play. This decision, which has been followed in other cases, is undoubtedly somewhat more liberal in construing the term "travel" than are the decisions of courts of last resort in certain other States. The Michigan rule on the subject was summarized in the following language (p 338):

"While we recognize that there may be methods of play which would constitute the street a mere *locus* for play and not a place of travel in any sense of the word, as in *Jackson* v. *City of Greenville,* 72 Miss 220 (16 So 382, 27 LRA 527, 48 Am St Rep 553), yet if one may pursue travel on the street for business or pleasure, and if a child is protected who, while traveling, turns aside to engage temporarily in play, it would seem to be as clear that a child at play which *involves* travel over the way, but which is not in itself unlawful, is equally within the spirit of the law and protected. Cases are abundant that such use of the way is not unlawful. *Reed* v. *City of Madison,* 83 Wis 171 (53 NW 547, 17 LRA 733), and *City of Chicago* v. *Keefe,* 114 Ill 222 (2 NE 267, 55 Am Rep 860). If this is correctly held, as we think it is, it follows that the boy may be a traveler on the highway who is in fact traveling over it in a proper manner, although that traveling includes play or pastime. We think the circuit judge correctly ruled the question."

In discussing the particular statute in force at the time of the accident involved, it was stated in the opinion of the Court that (p 336) :

"The important question in the case is whether the plaintiff is within the protection of the statute. Our statute provides * * * [CL 1897, § 3441] that 'any person or persons sustaining bodily injury upon any of the public highways or streets in this State by reason of neglect to keep such public highways or streets, and all bridges, sidewalks, cross-walks, and culverts on the same, in reasonable repair, and in condition reasonably safe and fit for travel,' may recover, et cetera. It is the contention of defendant that, where a statute imposes a duty and prescribes a remedy, the remedy is to be limited to the violation of such duty as is imposed by the statute. This proposition is well established by authority."

The *Beaudin Case* gives us a clear exposition of the interpretation and application of the statutory provisions under consideration. Such has been the recognized rule in Michigan since the enactment of the statute imposing liability on municipalities for failure to observe the duty to maintain streets and highways under their control in a condition reasonably safe and fit for travel thereon. The acceptance of plaintiff's claims with reference to the issue necessarily involves the overruling not only of the *Beaudin Case* but, likewise, the numerous other decisions that have been based on this Court's prior interpretation of the legislative provisions here pertinent. The matter is one on which the legislature of the State has spoken and over which it has plenary control. If the scope of liability of municipalities is to be enlarged for the benefit of those not heretofore regarded as entitled to recover damages for injuries sustained other than in the course of travel such result should be brought about by legislative action.

In view of the decisions of this Court on the sub-

ject it seems scarcely necessary to refer to holdings in other States cited by counsel for defendant city. It clearly appears from such cases and others of like nature that the prior holdings of this Court are in accord with the great weight of authority throughout the country. Of special interest with reference to the necessity for plaintiff establishing that he was a traveler at the time of his injury and that he was injured on the highway are *Wershba* v. *City of Lynn,* 324 Mass 327 (86 NE2d 511, 14 ALR2d 179), and *Davis* v. *Charles Shutrump & Sons Co.,* 140 Ohio St 89 (42 NE2d 663).

The ruling of the trial judge on the motion to dismiss the case was correct, and the order entered should be affirmed.

DETHMERS, C. J., and KELLY, J., concurred with CARR, J.

OTIS M. SMITH, J., took no part in the decision of this case.