TAGGIE v DEPARTMENT OF NATURAL RESOURCES

Docket No. 77-4879. Submitted October 4, 1978, at Grand Rapids.— Decided January 3, 1979.

JoAnne Taggie was rendered a permanent paraplegic when she was struck by falling rocks in Tahquamenon State Park. She and her husband, Ben Taggie, commenced an action in the Court of Claims against the Department of Natural Resources for damages for personal injuries and for loss of consortium. The plaintiffs subsequently filed an amended complaint and a second amended complaint. The defendant did not file answers to the complaints but interposed the defense of governmental immunity. The Court of Claims, Ronald M. Ryan, J., dismissed the plaintiffs' suit holding that the plaintiffs' claims were barred by governmental immunity. The plaintiffs appeal. *Held:*

1. The trial court erred in dismissing the intentional nuisance count of the complaint. The defense of governmental immunity is not a bar to a claim based on an intentionally created nuisance in fact.

2. The plaintiff-husband's claim for loss of consortium was improperly dismissed. There is no rule which prohibits appending a claim for loss of consortium to a claim based on nuisance in an action against the state.

3. The dismissal of the count which alleged a breach of an implied contractual duty was proper. Michigan courts do not recognize such a cause of action.

Affirmed in part, reversed in part and remanded.

1. Nᴜɪsᴀɴᴄᴇ—Gᴏᴠᴇʀɴᴍᴇɴᴛᴀʟ Iᴍᴍᴜɴɪᴛʏ.

Governmental immunity is not a bar to a claim based on an intentionally created nuisance in fact.

Rᴇꜰᴇʀᴇɴᴄᴇs ꜰᴏʀ Pᴏɪɴᴛs ɪɴ Hᴇᴀᴅɴᴏᴛᴇs

[1, 2] 57 Am Jur 2d, Municipal, School, and State Tort Liability §§ 293-295.

[3] 57 Am Jur 2d, Municipal, School, and State Tort Liability §§ 54, 59, 60.

Municipal immunity from liability for torts. 60 ALR2d 1193.

[4] 58 Am Jur 2d, Nuisances § 125.

[5] 17 Am Jur 2d, Contracts § 441.

2. NUISANCE—GOVERNMENTAL IMMUNITY—INTENTIONAL NUISANCE—
    PLEADING—SUMMARY JUDGMENT.

A complaint which alleged that a governmental agency negligently created a nuisance and that the agency "refused" to eliminate the dangerous condition sufficiently describes an intentional act by the government which, if established by proofs, could result in a finding by the trier of fact that the agency intentionally brought about the condition and, therefore, the agency is not entitled to claim governmental immunity from the suit.

3. NUISANCE—GOVERNMENTAL IMMUNITY—COMMON LAW—STATUTES.

The nuisance exception to governmental immunity from tort liability arises solely from case law and not from statute (MCL 691.1407; MSA 3.996[107]).

4. NUISANCE—CONSORTIUM—COMMON LAW—CASE PRECEDENT—ACTIONS AGAINST STATE.

There is no rule in Michigan case law which prohibits appending a claim for loss of consortium to a claim based on nuisance in an action against the state.

5. CONTRACTS—BREACH OF IMPLIED DUTY—ACTION FOR PERSONAL INJURIES—CASE PRECEDENT.

An action for personal injuries based only on a breach of an implied contractual duty is not recognized by Michigan courts.

*Gray & Taylor, P.C.,* for plaintiffs.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Jerome Maslowski* and *Curtis G. Beck,* Assistants Attorney General, for defendant.

Before: D. F. WALSH, P.J., and T. M. BURNS and C. J. BYRNS,* JJ.

T. M. BURNS, J. Plaintiff JoAnne Taggie was rendered a permanent paraplegic when she was struck by falling rocks in Tahquamenon State Park on July 4, 1975. She and her husband, plaintiff Ben Taggie, filed a complaint and eventually

* Circuit judge, sitting on the Court of Appeals by assignment.

an amended and second amended complaint seeking to impose liability for her injury on the Department of Natural Resources under several theories. None of the complaints have been answered. Instead, the defendant interposed the defense of governmental immunity. The Court of Claims dismissed the suit on that basis. We reverse.

I

The Court of Claims had initially refused to dismiss the complaint finding that plaintiff had properly pled the existence of a nuisance in fact. On the DNR's motion for rehearing, the trial court reversed its earlier conclusion, although troubled by the proposition, and found that only a claim of nuisance which resulted in the taking of private property or a trespass on private property would survive a properly pled claim of governmental immunity. *Buddy v Dep't of Natural Resources,* 59 Mich App 598; 229 NW2d 865 (1975), and *Gerzeski v Dep't of State Highways,* 68 Mich App 91; 241 NW2d 771 (1976), were cited in support of dismissal.

Recent Supreme Court decisions make it clear that the trial court's decision was incorrect. In *Gerzeski v Dep't of State Highways,* 403 Mich 149; 268 NW2d 525 (1978), and *Rosario v City of Lansing,* 403 Mich 124; 268 NW2d 230 (1978), the Court attempted to clarify the judicially created nuisance exception to governmental immunity. No opinion in either case was signed by a majority of the justices, but five justices would agree that governmental immunity is not a bar to a claim based on an intentionally created nuisance in fact. See, *Affiliated FM Ins Co v Michigan,* 86 Mich App 203; 272 NW2d 239 (1978).

*Rosario* is controlling here. Like the present

case, *Rosario* involved a nuisance claim which was dismissed without taking evidence. Justice MOODY stated that the pleadings in this type of case must be liberally construed and concluded the allegation that the City of Lansing had "refused" to replace a manhole cover or take other remedial action was a sufficient allegation of intentional nuisance in fact to avoid summary dismissal. 403 Mich at 143–144.

The condition which plaintiffs claim was a nuisance in this case resulted from the convergence of two circumstances which also bring it within the intentional nuisance classification. According to the complaint, the defendant knew that previous rockslides had occurred in the area in which plaintiff was injured and that future rock slides would occur, but did not take any steps to make the area safer, either by removing the offending rocks or keeping tourists out of this area. At the same time, the defendant created an appearance of safety by the use of diagrams, maps, stairs and trails which led these plaintiffs, and other tourists, to the danger area in ignorance of the risk. It is knowledge of these facts which may bring the nuisance within the intentional classification. *Rosario,* 403 Mich at 143, n 2. As a question of pleading, the complaint is sufficient to avoid dismissal. Whether it can be factually supported is a question which is not properly before us at this time.

The court erred in dismissing the nuisance count of the complaint.

## II

The trial court dismissed plaintiff Ben Taggie's derivative claim for loss of consortium because of a belief that derivative claims could not be maintained in the Court of Claims. The trial court's

rationale was based on *Dillon v Secretary of State,* 61 Mich App 588; 233 NW2d 96 (1975), *lv den,* 397 Mich 812 (1976). *Dillon* prohibited or limited payment of certain derivative claims under the Motor Vehicle Accident Claims Act, MCL 257.1101 *et seq.;* MSA 9.2801 *et seq.,* because of the specific language of that act. It does not control this case.

The trial court and defendant seem to base their position on the erroneous assumption that Mrs. Taggie's claim, on which the husband's claim is dependent, is somehow controlled by the governmental immunity statute, MCL 691.1407; MSA 3.996(107). But, as Justice FITZGERALD makes clear through his opinion in *Rosario,* 403 Mich at 131, nuisance as an exception to governmental immunity is a judicially created exception and is controlled solely by the case law. There is no rule in our cases which prohibits appending a claim for loss of consortium to a claim based on nuisance. The trial court erred in dismissing plaintiff Ben Taggie's claim for loss of consortium.

III

At the time of the injury, plaintiffs were camping in the Tahquamenon Falls State Park. A fee was paid to the state for the use of the campsite. Based on these facts, plaintiff alleged a right to recover for personal injuries under a breach of contract theory. The trial court dismissed this claim.

The trial court's action in this regard was correct. Assuming that some contractual relation arose between plaintiffs and the DNR under the "camper permit and receipt", there is nothing in that document which would impose on defendant the duties claimed by plaintiffs in their complaint

with regard to the site of the injury, which was some distance from the camping area.

*Baatz v Smith,* 361 Mich 68; 104 NW2d 787 (1960), and *Clark v Dalman,* 379 Mich 251; 150 NW2d 755 (1967), were properly applied by the trial court. The result suggested by those authorities is not changed by *Mobil Oil Corp v Thorn,* 401 Mich 306; 262 NW2d 651 (1977). The contract involved in *Thorn* contained a clause specifically requiring the defendant to make repairs. It was breach of the express contractual clause which led to the possibility of liability on a contract theory in *Thorn.* Here, plaintiffs claim no breach of an express contractual undertaking by defendant, but only a breach of an implied contractual duty. Such an action is not recognized by our courts. Plaintiffs' remedy lies under the nuisance count of their complaint. *Baatz v Smith, supra.*

The dismissal of plaintiff's claims based on nuisance and loss of consortium are reversed and the matter remanded to the Court of Claims for proceedings not inconsistent with this opinion. Costs to abide the final result.