MICHIGAN POWER COMPANY v STATE OF MICHIGAN

Docket No. 78-5285. Submitted January 17, 1980, at Lansing.—Decided June 2, 1980.

Michigan Power Company, hereinafter plaintiff, brought an action against the State of Michigan and the Michigan State Highway Department, hereinafter defendants, for contribution and indemnity for part or all of any sums adjudged against plaintiff in a separate court proceeding. The separate proceeding involved the severe burning of a woman due to a fire in her home resulting from a break in an underground gas line owned and maintained by plaintiff. Plaintiff contends that defendants caused damage to the pipeline in the process of widening and replacing the street in front of the injured party's home. The Court of Claims, John W. Baker, J., granted summary judgment to defendants. Plaintiff appeals alleging that the action comes within the exception to governmental immunity concerning failure of the state to maintain a highway in reasonable repair so that it is reasonably safe and convenient for public travel. *Held:*

The maintenance and improvement of a highway is a governmental function and a plaintiff must establish negligent use or maintenance of the highway before he may invoke an exception to governmental immunity.

Affirmed.

HIGHWAYS — NEGLIGENCE — GOVERNMENTAL IMMUNITY.

The maintenance and improvement of a highway is a governmental function; unless a plaintiff establishes negligent use or maintenance of the highway he may not invoke a statutory exception to governmental immunity because of a government's negligent use or maintenance of the highway (MCL 691.1402; MSA 3.996[102]).

*Hillman, Baxter & Hammond* (by *Robert N.*

REFERENCE FOR POINTS IN HEADNOTE
[1] 39 Am Jur 2d, Highways, Streets, and Bridges §§ 64, 341.

*Hammond, William M. Bremer* and *Robert N. Alt, Jr.),* for plaintiff.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Thomas J. O'Toole,* Special Assistant Attorney General, for defendants.

Before: BEASLEY, P.J., and D. E. HOLBROOK, JR. and R. E. ROBINSON,* JJ.

D. E. HOLBROOK, JR., J. Plaintiff sought an adjudication in the Court of Claims for contribution and/or indemnity for part or all of any sums adjudged against plaintiff in a separate circuit court proceeding for damages initiated by Terry and Barbara Dutoi. Defendants obtained summary judgment on the ground that plaintiff failed to state a claim upon which relief could be granted. GCR 1963, 117.2(1). Plaintiff appeals as of right. We affirm.

On June 9, 1976, there was a fire at 1214 Oak Street in Niles, Michigan, in which Barbara Dutoi was severely burned. The fire resulted from a break in an underground gas line owned and maintained by plaintiff. The gas escaped from the line and entered the home causing an explosion when Ms. Dutoi lit a cigarette.

Plaintiff contends that the defendant, in the process of widening and replacing Oak Street, caused damage to the pipeline and is responsible for the resultant injuries and damages.

It is alleged that the action comes within the exception to governmental immunity as stated in MCL 691.1402; MSA 3.996(102) in that defendant

---

* Circuit judge, sitting on the Court of Appeals by assignment.

did not maintain the highway in reasonable repair so that it was reasonably safe and convenient for public travel. The specific defects concern settlement and changes in the road elevation of up to four inches.

Defendant denies liability under the governmental immunity statute. We agree. In *Thomas v Dep't of State Highways,* 398 Mich 1; 247 NW2d 530 (1976), an employee of a subcontractor who was engaged in the construction of a state highway was killed when tunneling under a railroad right-of-way. The Court held that the maintenance and improvement of a highway was a governmental function and that governmental immunity applied because the employee was not killed as a result of negligent maintenance or use of the highway.

It is conceded by plaintiff that the injured person, Barbara Dutoi, was not using the public highway for traveling purposes at the time of the incident. She was in a home located off the highway right-of-way. There was no allegation that the highway was not in reasonable repair and not in condition reasonably safe and fit for travel. Plaintiff made reference to the fact that the gas could have accumulated under the roadway and exploded thereby rendering the roadway unsafe. This was mere speculation. There were no injuries or damages caused by traveling on the road. The explosion was in the home. The defect was not in the road.

Plaintiff did not allege sufficient facts to come within any exception to the governmental immunity statute nor do any common law precedents support that position.

Affirmed. No costs, a public question involved.