OVIST v DEPARTMENT OF STATE HIGHWAYS &
TRANSPORTATION

Docket No. 54883. Submitted November 12, 1981, at Lansing.—Decided September 7, 1982. Leave to appeal applied for.

Plaintiff Robert Ovist was injured while engaged in highway repair work. At the time of his injury, Mr. Ovist was employed as a laborer with Herman Gundlach, Inc., which had been hired by the defendant, Michigan Department of State Highways and Transportation, to repair the road. Plaintiffs, Robert Ovist and Elizabeth Ovist, brought an action in the Court of Claims seeking damages for the injuries sustained and alleging theories of recovery based upon negligence, nuisance, and careless, reckless, and wanton misconduct. The Court of Claims, James T. Kallman, J., dismissed the action on the basis of governmental immunity. Plaintiffs appeal alleging the court erred in ruling that their sole remedy was under the Worker's Disability Compensation Act, in finding that the maintenance and repair of a highway constituted a governmental function, in denying the right to sue for derivative damages, and in holding that the plaintiffs had not sufficiently alleged nuisance so as to overcome the governmental immunity defense. *Held:*

1. The Court of Claims finding was erroneous to the extent that it found that defendant could rely on the exclusivity provision of the Worker's Disability Compensation Act since Mr. Ovist sought to recover from defendant as the owner and possessor of the highway and not as his employer.

2. The court correctly concluded that the maintenance and repair of a highway constitutes a governmental function, thus, defendant was entitled to raise the defense of governmental immunity.

3. Mr. Ovist is not precluded from raising the negligent

REFERENCES FOR POINTS IN HEADNOTES
[1] 61A Am Jur 2d, Pleading § 230 *et seq.*
[2] 81 Am Jur 2d, Workmen's Compensation § 77.
[3, 5, 6] 39 Am Jur 2d, Highways, Streets, and Bridges §§ 103-106.
[4] 39 Am Jur 2d, Highways, Streets, and Bridges § 341.
[7] 39 Am Jur 2d, Highways, Streets, and Bridges §§ 270, 271.
[8] 58 Am Jur 2d, Nuisances § 55.
[9] 73 Am Jur 2d, Summary Judgment §§ 18, 22.

highway maintenance exception to governmental immunity simply because he was not injured as a result of use of a highway; therefore, the Court of Claims erred in granting accelerated judgment on this ground.

4. The Court of Claims did not err in dismissing the claim for derivative damages.

5. Plaintiffs' nuisance claim was properly dismissed since their complaint did not sufficiently allege a nuisance within an exception to governmental immunity.

Affirmed in part, reversed in part, and remanded.

M. J. KELLY, P.J., concurred in the opinion for reversal, but only because of the continuing validity of the Supreme Court's opinion which held that the statutorily imposed duty to keep highways in reasonable repair so that they are safe and convenient for public travel defines the standard by which the duty is measured and does not constitute a restriction upon the persons to whom the duty is owed. He also agrees with the result reached in the treatment of the nuisance issue.

OPINION OF THE COURT

1. TRIAL — MOTIONS — SUMMARY JUDGMENTS — FAILURE TO STATE CLAIM — COURT RULES.

The purpose of a motion for summary judgment based on the opposing party's failure to state a claim upon which relief can be granted is to test the complaint to determine whether a plaintiff has pled facts which support a cause of action; the scope of such examination is confined to the pleadings and factual allegations of the complaint are taken as true, along with any inferences and conclusions which may fairly be drawn from the facts alleged (GCR 1963, 117.2[1]).

2. WORKERS' COMPENSATION — EMPLOYEE'S EXCLUSIVE REMEDY — THIRD-PARTY TORTFEASORS.

An employee's exclusive remedy against his employer for damages for injuries sustained in the course of his employment is under the workers' compensation act, however, the act does not foreclose an employee from bringing suit against a third-party tortfeasor for such injuries (MCL 418.131, 418.827[1]; MSA 17.237[131], 17.237[827][1]).

3. GOVERNMENTAL IMMUNITY — HIGHWAY REPAIR AND MAINTENANCE.

The maintenance and repair of a highway is a governmental function entitled to governmental immunity from tort liability under the statute regarding immunity for governmental functions (MCL 691.1407; MSA 3.996[107]).

4. GOVERNMENTAL IMMUNITY — CONDITIONS OF LIABILITY — LEGISLA-
TIVE FUNCTIONS.

The conditions under which the State of Michigan will be liable
for negligence are questions for the Legislature, and it is not
the proper function of the courts to limit or enlarge clear
statutory provisions by construction.

5. GOVERNMENTAL IMMUNITY — GOVERNMENTAL AGENCIES — HIGH-
WAYS — HIGHWAY REPAIR AND MAINTENANCE.

The statutorily imposed duty of a governmental agency having
jurisdiction over a highway to maintain the highway in reason-
able repair so that it is reasonably safe and fit for public travel
defines the standard by which the duty is measured and does
not constitute a restriction upon the persons to whom the duty
is owed; therefore, the statute does not require that a plaintiff
show that his injury arose out of the use of a public highway
for travel before there can be any recovery (MCL 691.1402;
MSA 3.996[102]).

6. GOVERNMENTAL IMMUNITY — GOVERNMENTAL AGENCIES — HIGH-
WAYS — HIGHWAY REPAIR AND MAINTENANCE.

The statutorily imposed duty of a governmental agency having
jurisdiction over a highway to maintain the highway in reason-
able repair so that it is reasonably safe and fit for public travel
extends only to the improved portion of the highway designed
for vehicular travel (MCL 691.1402; MSA 3.996[102]).

7. GOVERNMENTAL IMMUNITY — HIGHWAYS — DAMAGES — DERIVA-
TIVE DAMAGES.

Recovery is allowed by statute for bodily injury or property
damage resulting from failure by a governmental agency to
maintain a highway in its jurisdiction, but such statutory
provision does not permit recovery of derivative damages for
loss of society and companionship (MCL 691.1402; MSA
3.996[102]).

8. GOVERNMENTAL IMMUNITY — NUISANCES — PLEADING — SUMMARY
JUDGMENTS.

A governmental agency's claim of governmental immunity is
defeated where there exists either an intentionally created or
continued nuisance in fact or the maintenance of a nuisance
per se; a complaint containing allegations of negligence, when
liberally construed, must sufficiently allege a nuisance within
one of these exceptions to governmental immunity to avoid
summary dismissal.

Concurrence by M. J. Kelly, P.J.

9. Judgments — Summary Judgments — Conclusory Allegations.
    The summary dismissal of an action is appropriate where the
    plaintiff's complaint is not supported by factual allegations, but
    rather, is supported by mere conclusory allegations.

*Wisti & Jaaskelainen* (by *Michael E. Makinen),*
for plaintiffs.

*Frank J. Kelley,* Attorney General, *Louis J.
Caruso,* Solicitor General, and *Carl K. Carlsen* and
*Clive D. Gemmill,* Assistant Attorney General, for
defendant.

Before: M. J. Kelly, P.J., and D. E. Holbrook,
Jr., and N. J. Kaufman, JJ.

D. E. Holbrook, Jr., J. Plaintiffs appeal as of
right from the judgment of the Court of Claims
finding that all claims against the defendant be
dismissed based on the defense of governmental
immunity.

In July, 1978, a cave-in occurred along a portion
of US 41 in the City of Hancock. Herman Gund-
lach, Inc., was hired by the Department of State
Highways to repair the road. Robert Ovist (plain-
tiff hereinafter), who was employed as a laborer
with Herman Gundlach, Inc., was engaged in the
repair work when another cave-in occurred. He
sustained serious injuries. Plaintiffs filed a five-
count complaint alleging several theories of recov-
ery based upon negligence, careless, reckless, and
wanton misconduct, and nuisance.

Defendants filed a motion for accelerated judg-
ment on the basis of governmental immunity and
also filed a motion for partial summary judgment
claiming that defendant's duty under MCL
691.1401 *et seq.;* MSA 3.996(101) *et seq.,* applies

only to persons traveling on a public roadway. Defendant also asserted that claims for derivative losses were not cognizable under the governmental liability statute, and further, claimed the protection of the Worker's Disability Compensation Act. From the Court of Claims order of dismissal, plaintiffs raise five issues on appeal.

Plaintiffs first argue that the court erred in ruling that their sole remedy was under the Worker's Disability Compensation Act. In granting defendant's motion for partial summary judgment under GCR 1963, 117.2(1), the trial court found that plaintiff's exclusive remedy was under the Worker's Disability Compensation Act, MCL 418.101 *et seq.;* MSA 17.237(101) *et seq.,* because he was engaged in an employment activity at the time of his injury.

The purpose of a motion for summary judgment based on GCR 1963, 117.2(1) is to test the complaint to determine whether a plaintiff has pled facts which support a cause of action. The scope of the examination is confined to the pleadings; factual allegations of the complaint are taken as true, along with any inferences and conclusions which may fairly be drawn from the facts alleged. *Rubino v Sterling Heights,* 94 Mich App 494; 290 NW2d 43 (1979). While an employee's exclusive remedy against his employer is under the workers' compensation act, MCL 418.131; MSA 17.237(131), the act does not foreclose an employee from bringing suit against a third-party tortfeasor for injuries sustained in the course of his employment. MCL 418.827(1); MSA 17.237(827)(1); *Stafford v E W Bliss Co,* 86 Mich App 197; 272 NW2d 237 (1978). Plaintiff seeks to recover from defendant as the owner and possessor of the highway and not as his employer. Accordingly, to the extent that the

Court of Claims found that defendant could rely on the exclusivity provision of the Worker's Disability Compensation Act, the court's finding was erroneous.

Plaintiffs next contend that the court erred in finding that the maintenance and repair of a highway constituted a governmental function. The question of law on this issue is whether defendant's activities constitute a governmental function entitled to governmental immunity from tort liability under MCL 691.1407; MSA 3.996(107). This statute provides:

"Sec. 7. Except as in this act otherwise provided, all governmental agencies shall be immune from tort liability in all cases wherein the government agency is engaged in the exercise or discharge of a governmental function. Except as otherwise provided herein, this act shall not be construed as modifying or restricting the immunity of the state from tort liability as it existed heretofore, which immunity is affirmed."

The term "governmental function" is not defined in the statute. Of necessity, the determination of which activities may be classified as governmental functions is a task left to the courts by the Legislature. *Keenan v Secretary of State,* 103 Mich App 82; 302 NW2d 602 (1981). The Supreme Court is split on the interpretation of this statutory term, usually deciding whether particular activities are governmental functions on a case-by-case basis. In *Thomas v Dep't of State Highways,* 398 Mich 1, 12; 247 NW2d 530 (1976), Chief Justice COLEMAN and Justice RYAN concurred with Justice WILLIAMS' common-law analysis that the repair and maintenance of highways is a governmental function under the statute and that, as a result, the defense of governmental immunity is available to the state

highway department. Conversely, using the "of essence to governing" test, Justices KAVANAGH, FITZGERALD and LEVIN have disagreed. *Thomas, supra,* 21. Therefore, Justice MOODY'S position on governmental immunity is the key to understanding how the Supreme Court would resolve this issue. On the basis of Justice MOODY'S decisions in *Parker v Highland Park,* 404 Mich 183; 273 NW2d 413 (1978), and *Perry v Kalamazoo State Hospital,* 404 Mich 205; 273 NW2d 421 (1978), we conclude that the maintenance and repair of a highway constitutes a governmental function.

The repair and maintenance of public highways present factors that would make such activity governmental under Justice MOODY'S broader statement of the governmental essence test. The government plays a pervasive role in the laying out, construction, improvement, and maintenance of highways, bridges, and culverts. See Const 1963, art 7, § 16. It has appropriated substantial state funds for these purposes and has declared the safety of the traveling public as a public policy. See MCL 247.651 *et seq.;* MSA 9.1097(1) *et seq.* The number of private roads is inadequate to meet the transportation needs of the public. While private roads exist for the use of some persons, the provision of a comprehensive network of highways is a uniquely governmental function. Finally, the maintenance of a statewide highway system is an activity of such public importance and magnitude, in terms of cost, coordination of efforts, and prioritization of expenditures, that it can be effectively carried out only by the government. See *Davis v Detroit,* 98 Mich App 705; 296 NW2d 341 (1980). Safe public highway transporation obviously cannot be carried out without the repair and maintenance of highways. Therefore, we find that the

trial court was correct in finding that the defendant was engaged in a governmental function and, thus, entitled to raise the defense of governmental immunity.

We decline to follow the dicta in the majority opinion of *Lucchesi v Kent County Road Comm,* 109 Mich App 254; 312 NW2d 86 (1981), which found that the construction and maintenance of roads within a county road network is not a uniquely governmental activity under the *Perry* and *Parker* standards. Our reasoning agrees with Judge MACKENZIE's remarks in her dissent that the maintenance and repair of roads is an activity of such magnitude and importance that it can only be effectively carried out by the government.

To this general grant of immunity, the Legislature has enacted an exception for the negligent maintenance of highways. MCL 691.1402; MSA 3.996(102). Plaintiffs assert that the trial court erred in finding that they could not bring an action under this exception because Mr. Ovist was injured while repairing the highway. Plaintiffs contend, based on *Mechay v Detroit,* 364 Mich 576; 111 NW2d 820 (1961), that the reference to public travel contained in the statute is not a restriction upon the persons to whom the duty is owed but, rather, defines the standard by which the duty is measured: to "maintain the highway in reasonable repair so that it is reasonably safe and convenient for public travel". Defendant relies on the cases of *Thomas, supra,* and *Michigan Power Co v Michigan,* 97 Mich App 733; 296 NW2d 166 (1980), in support of its contention that the injury must result from the use of a highway to be cognizable under the highway maintenance exception.

MCL 691.1402; MSA 3.996(102) states, in part:

"Sec. 2. Each governmental agency having jurisdic-

tion over any highway shall maintain the highway in reasonable repair so that it is reasonably safe and convenient for public travel. *Any person sustaining bodily injury or damage to his property* by reason of failure of any governmental agency to keep any highway under its jurisdiction in reasonable repair, and in condition reasonably safe and fit for travel, may recover the damages suffered by him from such governmental agency. * * * The duty of the state and the county road commissions to repair and maintain highways, and the liability therefor, shall extend only to the improved portion of the highway designed for vehicular travel and shall not include sidewalks, crosswalks or any other installation outside of the improved portion of the highway designed for vehicular travel." (Emphasis supplied.)

Since conditions of the state's liability are questions for the Legislature, it is not the proper function of the courts to limit or to enlarge clear statutory provisions by construction. *Endykiewicz v State Highway Comm,* 102 Mich App 662; 302 NW2d 271 (1981), *lv gtd* 411 Mich 1035 (1981). Section 2 clearly indicates that recovery is allowed for any person sustaining bodily injury or for property damage. The use of the adjective pronoun "any" prior to "person" means, in ordinary understanding, every person. The word negates the idea of exclusion. *Dale v Whiteman,* 388 Mich 698; 202 NW2d 797 (1972). The reference to "reasonably safe and fit for travel" contained in the statute is a statement of the state's duty. *Peters v Dep't of State Highways,* 400 Mich 50, 58; 252 NW2d 799 (1977). Section 2 limits recovery to persons injured by reason of the state's breach of this duty. Nowhere in the statute is there a limitation upon the persons to whom the duty is owed. We will not read into the statute a requirement that, before there can be any recovery, plaintiff must show

that his injury arose out of the use of a public highway for travel.

Defendant's reliance on *Thomas, supra,* and *Michigan Power Co, supra,* is misplaced. In *Thomas,* the decedent was killed while engaged in widening a highway and was not killed by reason of the state's failure to keep an existing highway "in reasonable repair, and in condition reasonably safe and fit for travel". Further, since the decedent was killed when tunneling "under a railroad right-of-way", he was not killed as a result of the defendant's failure to maintain an "improved portion of the highway designed for vehicular travel". Thus, the Supreme Court's holding that the highway maintenance exception did not apply can be explained by the fact that the accident was not caused by reason of the highway department's negligent maintenance of an existing highway.

In *Michigan Power Co,* Barbara Dutoi was severely burned as a result of a fire which was caused by a break in an underground gas line owned and maintained by the plaintiff. The gas escaped from the line and entered Ms. Dutoi's home causing an explosion when she lit a cigarette. Plaintiff utility company brought an action in the Court of Claims for contribution and/or indemnity for any sums adjudged against it as a result of a circuit court proceeding initiated by Ms. Dutoi. In its complaint, the plaintiff alleged that the injury to Ms. Dutoi fell within the highway maintenance exception to governmental immunity. The Court of Claims granted summary judgment in favor of the State of Michigan. On appeal, a panel of this Court affirmed and held that plaintiff had failed to allege sufficient facts showing that Ms. Dutoi was injured as a result of the negligent maintenance or use of a highway. The Court stated:

"It is conceded by plaintiff that the injured person, Barbara Dutoi, was not using the public highway for traveling purposes at the time of the incident. She was in a home located off the highway right-of-way. *There was no allegation that the highway was not in reasonable repair and not in condition reasonably safe and fit for travel.* Plaintiff made reference to the fact that the gas could have accumulated under the roadway and exploded thereby rendering the roadway unsafe. This was mere speculation. There *were no injuries or damages caused by traveling on the road. The explosion was in the home. The defect was not in the road."* (Emphasis added.) *Michigan Power Co, supra,* 735.

In ruling that the plaintiff had failed to allege sufficient facts in avoidance of governmental immunity, the Court noted that the injured party had not been using the public highway at the time of the injury but also noted that there was no allegation that the highway was not in reasonable repair and not in a condition reasonably safe and fit for travel. Contrary to defendant's contention, the Court did not state that recovery under the statute would be limited to persons injured as a result of the use of a highway.

In this case, it is undisputed that the defendant breached its duty to maintain the highway in "reasonable repair, and in condition reasonably safe and fit for travel". However, this duty extends only to "the improved portion of the highway designed for vehicular travel". In their complaint, plaintiffs alleged that the defect occurred in the traveled portion of the highway. Since plaintiffs are not precluded from raising the highway maintenance exception to governmental immunity simply because Mr. Ovist was not injured as a result of use of a highway, the trial court erred in granting accelerated judgment on this ground. Plaintiffs have pled facts which support a cause of

action cognizable under § 2. However, at trial plaintiffs must still prove that Mr. Ovist's injuries were caused by defendant's breach of its statutory duties.

Plaintiffs next assert that MCL 691.1402; MSA 3.996(102) creates a right to sue for derivative damages. This issue has been addressed by a panel of this Court in *Endykiewicz v State Highway Comm, supra.* In *Endykiewicz,* the Court distinguished *Salvati v Dep't of State Highways,* 92 Mich App 452; 285 NW2d 326 (1979), and held that damages for loss of society and companionship are not recoverable under the statute in question. We agree with the holding in *Endykiewicz* and find that the Court of Claims did not err in dismissing the claim for derivative damages.

Lastly, plaintiffs argue that their complaint sufficiently alleged nuisance so that governmental immunity was inapplicable. We disagree.

In *Rosario v Lansing,* 403 Mich 124; 268 NW2d 230 (1978), and *Gerzeski v Dep't of State Highways,* 403 Mich 149; 268 NW2d 525 (1978), the Supreme Court reached no clear majority view in addressing the impact of the nuisance doctrine on governmental immunity. However, a cautious reading of these cases persuaded a panel of this Court to conclude that a claim of governmental immunity is defeated where there exists either an intentionally created or continued nuisance in fact or the maintenance of a nuisance per se. *Ford v Detroit,* 91 Mich App 333; 283 NW2d 739 (1979). The present facts do not fit within the definitional framework of a nuisance per se.

Plaintiffs' pleadings must be liberally construed to determine whether their complaint sufficiently alleges an intentional nuisance in fact to avoid summary dismissal. *Taggie v Dep't of Natural*

*Resources,* 87 Mich App 752; 276 NW2d 485 (1979). The complaint contains allegations that defendant owed plaintiffs a variety of common-law and statutory duties and that such duties were breached. It also contains a bare allegation that defendant's conduct was "wilful and wanton". However, this statement is conclusory in nature and plaintiffs have not alleged supporting facts which would indicate that the defendant intended to bring about conditions which could, in fact, be found to be a nuisance. Since plaintiffs' allegations sound in negligence, their complaint did not sufficiently allege a nuisance within an exception to governmental immunity. Accordingly, we find that the court properly dismissed plaintiffs' nuisance claim. See *Scott v Detroit,* 107 Mich App 194; 309 NW2d 201 (1981).

In conclusion, we hold that the court's grant of accelerated judgment for defendant on the ground of governmental immunity was improper under the highway maintenance exception. We remand for trial on this allegation. Plaintiffs are not precluded from bringing suit under the exclusivity provisions of the Worker's Disability Compensation Act. The Court of Claims order of dismissal in all other respects was proper.

Affirmed in part, reversed in part, and remanded.

N. J. KAUFMAN, J., concurred.

M. J. KELLY, P.J. *(concurring).* I concur in the opinion for reversal, but only because of the continuing vitality of the Supreme Court's opinion in *Mechay v Detroit,* 364 Mich 576; 111 NW2d 820 (1961). The ad hoc approach to governmental immunity in Michigan leads to the dubious result that plaintiff makes out a case even though he was

injured implementing the government's effort to keep its roads in reasonable repair, not as a traveler, but as a worker endeavoring to make the highway safe.

I also agree with the result reached by Judge HOLBROOK in the treatment of the nuisance issue. Although plaintiffs' complaint did contain an allegation that defendant's conduct was "wilful and wanton", this was a mere conclusory allegation and was not supported by any factual allegations. See *Bromley v Citizens Ins Co of America,* 113 Mich App 131, 134; 317 NW2d 318 (1982).